SAM SCHMIDT V. THE STATE.

No. 19673.   Delivered May 4, 1938.

The opinion states the case.

*Roberts & O'Connor,* of Breckenridge, for appellant.

*Ben J. Dean,* District Attorney, of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder without malice; the punishment, confinement in the penitentiary for two years.

Appellant operated a beer tavern and domino parlor. H. B. Cood was in charge of the domino parlor. On the 26th of March, 1937, Roy Jenkins entered appellant's place of business and began interfering with patrons who were engaged in a domino game. Notwithstanding Cood requested him to refrain, he continued to molest the players. Finally Cood told him, in effect, that he would whip him if he did not leave the place. This angered Jenkins and, according to his version, he started to leave the room. Cood followed him with a salt shaker in his hand, saying: "I will knock your head off." As Cood threw the shaker at him he dodged and knocked Cood down. During the progress of the fight appellant shot Jenkins in the back, inflicting a wound which appears not to have been serious.

Cood testified that when he admonished Jenkins to refrain from interfering with the domino game Jenkins became angry and cursed him. He picked up a salt shaker and threw it at Jenkins but did not hit him. Jenkins then knocked him down between some Coca-Cola cases behind the bar. About the time he fell he heard a pistol shot. He received several bruises at the hands of Jenkins.

Appellant's wife testified that when the difficulty began between Cood and Jenkins her husband requested Jenkins to leave the building; that Jenkins picked up a soda water bottle and threw it at him; that Jenkins appeared to be very angry; that he refused to leave; that he also threw a bottle and a glass mug at Cood; that after knocking Cood down behind the bar he began to beat him and kick him; that her husband again said: "Roy, you go out of here"; that instead of obeying this command Jenkins seized two soda water bottles. She said: "When he came up with the bottles and threw at Mr. Schmidt [appellant], Mr. Schmidt ducked and then fired instantly in connection with the throwing of this bottle by Jenkins."

Appellant did not testify.

In applying the law to the facts the court predicated appellant's right to defend himself and Cood upon an apprehension or fear of death or serious bodily injury. Appellant timely and properly excepted to the charge because of its failure to embody an instruction covering his right to defend Cood and himself against any unlawful and violent attack. The opinion is expressed that the exception is well taken. Article 1224, P. C., provides that homicide is justifiable "in the protection of person or property against any other unlawful and violent attack besides those mentioned." Further, it is provided that "In such cases all other means must be resorted to for the prevention of the injury." The jury might have reached the conclusion that the assault on appellant and Cood was unlawful and violent, but not of the nature to create in appellant's mind an apprehension of death or serious bodily injury. Assuming that such conclusion was reached, the court's charge on self-defense and the defense of Cood was calculated to prevent the jury from making application of their finding in a manner beneficial to appellant. See Taylor v. State, 56 S. W. (2d) 646, and authorities cited.

We think upon another trial the jury should be given a proper instruction on the right of the appellant to have required Jenkins to leave his place of business. See Article 1224, P. C.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.