FREDDIE HARRISON v. THE STATE.

No. 21575. Delivered April 23, 1941.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is simple assault; the punishment, a fine of $15.00.

The prosecution proceeded under a complaint and information charging aggravated assault.

The assault occurred about eleven o'clock at night on December 24, 1940, in a cafe. The injured party, Bob Barclay, had entered the cafe and ordered a meal. Appellant was sitting at a nearby table. According to Barclay's testimony, he paid the waitress for the meal when it was brought to the table. Later she returned to his table and advised him that he had not paid her. They were arguing about the matter when appellant got up and advanced toward him with his hand in his pocket, telling him to pay the waitress. He (Barclay) struck appellant with his fist. A fight ensued in which appellant cut him in the back with a knife. After being cut he ran to the kitchen, followed by appellant, and procured a small sifter for the purpose of defending himself. However, appellant made no further attack upon him.

Testifying in his own behalf, appellant admitted that he attacked Barclay after he (Barclay) had struck him with his fist. Appellant testified that when the waitress stated to Barclay that he had not paid her he (appellant) said to him: "If you haven't paid the girl, pay her." At this juncture we quote from appellant's testimony, as follows:

"Then he got smart and I said 'I don't want to argue, have any trouble,' so an old fellow got up and was telling me about the boy not paying the girl and this boy got up and began getting smart and I turned around on the stool and when I turned around on the stool he hit me with his fist and I turned around but they held me and he ran to the kitchen and I got my knife out and I rushed in the kitchen where he was and when I rushed him he had a little old meat cleaver or sifter, whatever you

call it, in his hand. I cut him to defend myself, keep him from hurting me. He hit the first lick, I had quit talking to him and the old man come up and started an argument with me. * * * I was defending myself. When he ran they were holding me, he was going to the kitchen and I ran back there to defend myself, he was coming with that meat cleaver and I was defending myself; he had a meat cleaver and a sifter. He had both and I ran back to keep him from coming up on me."

In applying the law to the facts the court predicated appellant's right to defend himself upon an apprehension or fear of death or serious bodily injury. Appellant timely and properly excepted to the charge because of its failure to embody an instruction covering his right to defend himself against any unlawful and violent attack. The exception was overruled and a requested instruction on the subject was presented to the court, and refused. The opinion is expressed that the evidence called for the requested charge. See Article 1224, P. C. The jury might have reached the conclusion that the assault on appellant was unlawful and violent but not of the nature to create in appellant's mind an apprehension of death or serious bodily injury. Assuming that such conclusion was reached, the court's charge on self-defense was calculated to prevent the jury from making application of their finding in a manner beneficial to appellant. See Schmidt v. State, 116 S. W. (2d) 388, and authorities cited.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, Presiding Judge.

The foreging opinion was prepared by Judge Christian and brought into consultation on the morning of April 15, 1941. During consultation, at about 10:30 a. m., he was suddenly stricken and soon lapsed into unconsciousness, and passed away about 7 o'clock in the evening of April 15. In the afternoon the court continued its consultation, considered the opinion, and adopted the same. It is now here formally announced as the opinion of the court under the name of our lamented co-worker, this April 23, 1941.