**Huey Franklin EMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45679.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

**626**

John W. O'Dowd, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Gregory H. Laughlin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The appellant, Huey Franklin Emmons, was charged with an aggravated assault upon Charley Campbell, Jr., with a knife. A jury convicted him and assessed his punishment at a fine of $750.

Charley Campbell, Jr., Charles Minton, Jerry Rogers, with their wives, and Jerrald Landry, were at a lounge in Houston. Appellant and two companions were also there, but not in the Campbell-Minton party. As the Campbell-Minton party left, State's witnesses said that appellant made an insulting remark to Minton regarding his wife, and when they left appellant called Minton a queer. Minton was not a witness, as he was at the time of trial in Vietnam. He was referred to in the appellant's testimony and that of his witnesses as "the big boy."

Shortly after the Campbell-Minton party left the lounge, appellant and his two com-

panions also left. From this point, the versions of what occurred were in sharp conflict.

Appellant and his two companions stated that they went to their car to leave; the two companions had already entered their car, but appellant was at the door of the car on the outside when Minton and Campbell approached him. Neither of them had any weapon of any kind. The testimony of appellant and his two companions was that Minton and Campbell together rushed at appellant; Minton took a swing at appellant. Appellant had seen them coming and had already opened his pocket knife. He cut Minton with the knife. Campbell also took a swing at appellant, and he cut him with the knife. According to appellant and his witnesses, both Minton and Campbell had swung at appellant before he cut them.

Appellant said that when these two made this attack on him, he was afraid they would hurt him, but he nowhere asserted that he feared that they would kill him or inflict on him serious bodily injury. He asserted that he was defending himself against Minton and Campbell when he cut them.

The court charged on the law of aggravated assault and on the law of self-defense based on the defendant's belief that he was about to suffer death or serious bodily injury at the hands of Charley Campbell, Jr., but the court did not charge on his right to defend himself against a milder or lesser attack; that is, an actual attack by Campbell to do him physical harm, but not producing in the mind of the defendant the fear of death or serious bodily injury.

The appellant's counsel timely objected in writing to the failure of the court to so charge, and also requested in writing a special charge on this subject sufficient to call the court's attention to the omission, and now urges the failure of the court to respond to his request as ground for reversal.

We agree.

The jury might have reached the conclusion that the claimed assault on appellant was unlawful and violent but not of the nature to create in appellant's mind an apprehension of death or serious bodily injury. Assuming that such conclusion was reached, the court's charge on self-defense was calculated to prevent the jury from making application of their finding in a manner beneficial to appellant. Art. 1224, Vernon's Ann.Texas Penal Code. Harrison v. State, 141 Tex.Cr.R. 526, 150 S.W.2d 244; Schmidt v. State, 134 Tex.Cr.R. 475, 116 S.W.2d 388; Woodley v. State, 146 Tex.Cr.R. 260, 172 S.W.2d 318; Gavia v. State, Tex.Cr.App., 488 S.W.2d 420.

In view of our disposition of the case, we will not discuss appellant's other grounds of error.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.