Russell Arthur CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48934.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

———◆———

Philip S. Kouri, Friberg, Martin & Richie, Wichita Falls, for appellant.

John Park Davis, C. A., Montague, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was indicted for the offense of murder with malice. He was con-

victed of murder without malice and the jury assessed his punishment at two years' imprisonment.

Because of our disposition of his fifth contention, it is unnecessary to discuss the other grounds of error raised in this appeal.

The appellant advanced self-defense at trial. The evidence reflects that appellant was visiting the deceased's wife (later to become appellant's wife) at the time of the homicide. According to appellant and deceased's wife, the deceased drove up to the trailer house, pried open the door with a tire tool, crow bar or other metal instrument and attacked the appellant with it. Appellant stated that deceased struck him in the head four or five times, knocking him to his knees. Appellant, who was fast losing consciousness, picked up a pistol (which he had brought with him because of a prior altercation in which deceased had threatened him with a pistol), and fired at the deceased's legs. The bullet struck deceased in the abdomen and the wound subsequently caused his death.

The State urged that self-defense as a matter of law was not established because there were a number of fact issues regarding the severity of the attack. Neither appellant nor deceased's wife could accurately describe the object used as a weapon by deceased. Repeated searches of the trailer and the area around it uncovered no tire tools, crow bars or other similar objects and none were seen in deceased's car shortly after the incident. When appellant was arrested shortly after the shooting, he made no comments regarding any injuries the deceased might have inflicted on him and the arresting officer stated that appellant did not appear to have suffered any injuries. The State also points out the physical differences between the deceased and the appellant, the deceased being an older man suffering from emphysema.

■ We agree with the State's contention that these matters raised an issue as to the severity of the attack launched by the deceased on appellant. Therefore, self-defense as a matter of law was not established. See Powers v. State, 497 S.W. 2d 594 (Tex.Cr.App.1973) and Escamilla v. State, 464 S.W.2d 840 (Tex.Cr.App.1971) and cases there cited.

However, in this case the same issues which defeat the appellant's contention regarding self-defense as a matter of law raise the issue of "milder attack." See Art. 1224, Vernon's Ann.P.C. (1925). The appellant properly requested a charge on this subject at trial, which request was overruled by the court.

■ When a defensive theory is raised by evidence coming from any source, and a charge thereon is properly requested, it must be submitted to the jury. See Gavia v. State, 488 S.W.2d 420 (Tex.Cr.App. 1972).

■ In the instant case, the court fully charged on the issue of self-defense based on the accused's belief that he was about to suffer death or serious bodily injury. However, there was no mention of his right to defend himself against a milder attack; that is, an actual attack threatening to do physical harm but not producing in the mind of the accused a fear of death or serious bodily injury. See Emmons v. State, 489 S.W.2d 625 (Tex.Cr. App.1973).

The court's omission must, of necessity, have prejudiced the appellant's rights in this case. The evidence was such that the jury may have concluded that an unlawful and violent assault was made on the appellant by the deceased, but that it was not of such a nature as to create in appellant's mind a fear of death or serious bodily injury. If the jury did indeed reach such a conclusion, under the court's charge they had no alternative but to reject entirely appellant's contentions regarding self-defense. The charge included no device whereby they might apply their findings in a manner beneficial to the appellant, and this omis-

sion requires a reversal of the judgment. See Emmons v. State, supra, and cases there cited.

■ In passing, we note that the court's charge at the guilt-innocence stage also made detailed reference to the punishments attached to the two offenses discussed (murder with and without malice). In the event of a re-trial, these matters should not be given to the jury at the guilt-innocence stage. See Staggs v. State, 503 S. W.2d 587 (Tex.Cr.App.1974).

The judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the results.