## IN THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

EX PARTE SCOTT

§
§ CASE NO._____
§
§

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

## MOTION FOR EXTENSION OF TIME
## TO FILE PETITION FOR DISCRETIONARY REVIEW

COMES NOW JOHNNY CALVIN SCOTT (HEREAFTER "PETITIONER")... **MOVING FOR EXTENSION OF TIME** TO FILE HIS PETITION FOR DISCRETIONARY REVIEW...AND WOULD SHOW AS FOLLOWS...

I

PETITIONER PLEADED **NOT GUILTY** AND MAINTAINS HIS INNOCENCE TO THIS DAY.PETITION MOVED FOR NEW TRIAL ON THE GROUNDS THAT A **SELF-DEFENSE INSTRUCTION** JURY CHARGE WAS DENIED IN OBVIOUS ERROR BY THE TRIAL COURT...LEAVING PETITIONER WITHOUT HIS DEFENSE CAUSING HIS HARM, SEE:ALMANZA V. STATE,686 SW.2d 157 (TEX.CRIM.APP.1985)...AND... REQUIRING A NEW TRIAL.TEXAS COURTS HAVE CONSISTENTLY HELD THAT AN ACCUSED IS ENTITLED TO A JURY INSTRUCTION ON **EVERY DEFENSIVE ISSUE RAISED BY THE EVIDENCE**...

HAYES V. STATE,728 SW.2d 804,807-08 (TEX.CRIM.APP. 1987)

MOON V. STATE,607 SW.2d 569 (TEX.CRIM.APP.1980)

GARCIA V. STATE,605 SW.2d 565,566 (TEX.CRIM.APP.1980)

JOHNSON V. STATE,571 SW.2d 170,173 (TEX.CRIM.APP.1978)

WARREN V. STATE,565 SW.2d 931,933-34 (TEX.CRIM.APP 1978)

ESPARZA V. STATE,520 SW.2d 891,892 (TEX.CRIM.APP.1979)

IT MATTERS NOT WHETHER THE EVIDENCE IS STRONG OR WEAK...OR WHETHER THE TRIAL COURT BELIEVES IT OR NOT...IF THE EVIDENCE WAS PRESENT IN THE TRIAL,THE PETITIONER **IS ENTITLED** TO HAVE IT SUBMITTED TO THE JURY FOR ITS DECISION...

SHAW V. STATE,510 SW.2d 926 (TEX.CRIM.APP.1974)

CARTER V. STATE,515 SW.2d 668 (TEX.CRIM.APP. 1974)

SEE ALSO: 'HAYES' and 'WARREN' supra

PETITIONER DID NOT TESTIFY...YET AND STILL HIS (3) HOUR INTERROGATION (BY POLICE DETECTIVES) VIDEO WAS PLAYED FOR THIS JURY. THIS VIDEO DISC **WAS EDITED AND REDACTED** BY THE STATE TO MAKE THE

(1)

PETITIONER LOOK GUILTY.THE POLICE REPEATEDLY MAKE DAMAGING AND CONCLUSORY ALLEGATIONS WITHOUT FACTUAL BASIS.THE PETITIONER'S COUNSEL REPEATEDLY OBJECTED AS POLICE/PROSECUTION VIOLATED TEXAS RULES OF EVIDENCE **801 and 802**...STATEMENTS WERE **BLATANT HEARSAY** AND WERE INADMISSIBLE. ACCORDING TO THOSE RULES,THE STATEMENTS WERE JUST THE UNBRIDLED OPINIONS OF THE POLICE RELATING TO WHAT EVIDENCE THEY EITHER DID OR DID NOT HAVE...WHAT THEY THOUGHT IT SHOWED...WHETHER THEY THOUGHT THAT THE PETITIONER WAS BEING TRUTHFUL (OR NOT)...AND EVEN STOOPED TO CALLING HIM..."A COLD-BLOODED KILLER...WHICH SEVERELY PREJUDICED THE JURY AND HARMED THIS PETITIONER.

POLICE..."WITNESS IS NOT COMPETENT TO EXPRESS AN OPINION AS TO TRUTH OR FALSITY OF OTHER TESTIMONY IN THE CASE.."

BLACK V. STATE,634 SW.2d 356,357-58 (TEX.APP.DALLAS 1982)

..."OFFICERS **MAY NOT** TESTIFY THAT [THEY] DID NOT BELIEVE THE EXPLANATION THE ACCUSED GAVE,,,"

TAYLOR V. STATE,774 SW.2d 31-34 (TX.APP.HOUS.14th Dist.1989)

THE **OPINIONS OF THE OFFICERS** ARE INADMISSIBLE **EVEN IF THEY ARE NOT HEARSAY.** BUT...IN THIS CASE...THEIR STATEMENTS WERE CLEARLY HEARSAY OPINIONS AND ENTIRELY INADMISSIBLE.

SAID STATEMENTS...FOR THREE (3) HOURS DRILLED INTO THE JURORS HEADS AND HEARTS PREJUDICED AND TAINTED THAT JURY.THE OFFICERS KEPT INTIMATING THAT THEY HAD CONCLUSIVE EVIDENCE AGAINST THE PETITIONER ...THAT HE WAS A LIAR...AND A "COLD BLOODED KILLER" ! THEREFORE... ADMISSION OF THESE STATEMENTS WAS AN **ABUSE OF DISCRETION.**

.."THE TEST FOR ABUSE OF DISCRETION IS NOT WHETHER IN THE OPINION OF THE REVIEWING COURT THE FACTS PRESENT AN APPROPRIATE CASE FOR THE TRIAL COURT'S ACTION...**RATHER**...IT IS A QUESTION OF WHETHER THE COURT ACTED WITHOUT REFERENCE TO ANY GUIDING RULES AND PRINCIPLES.ANOTHER WAY OF STATING THE TEST IS WHETHER THE ACT WAS ARBITRARY OR UNREASONABLE..."

MONTGOMERY V. STATE,810 SW.2d 372,380 (TEX.CRIM.APP.1990).

AS SUCH THE PETITIONER WAS DEPRIVED OF A FAIR TRIAL AND WAS ENTITLED TO A **NEW TRIAL.**

## II

THIS PETITIONER IS INDIGENT AND CANNOT PURCHASE A COPY OF THE TRIAL RECORDS,STATEMENT OF FACTS(REPORTER'S RECORD) NOR THE CLERK'S TRANSCRIPTS.HE HAS WRITTEN TO THE TRIAL COURT MOVING FOR A COPY OF ALL STATED HEREIN...THIS WILL TAKE TIME TO BE HEARD AND THEN SECURED BY PETITIONER.

## III

PETITIONER HAS ALSO WRITTEN TO HIS APPEAL COUNSEL ASKING FOR HIS ASSISTANCE IN THE MATTER TO SECURE SAID RECORD.

## IV

WITHOUT THESE RECORDS THE COURT KNOWS THAT THIS INDIGENT PETITIONER CANNOT POSSIBLY RESEARCH AND PERFECT HIS **PETITION FOR (PROPER) DISCRETIONARY REVIEW**. WITHOUT THE RECORDS...WHICH IS PLAINLY AVAILABLE TO ATTORNEYS WITHOUT QUESTION...THIS INDIGENT PETITIONER CANNOT ACT AS HIS OWN ATTORNEY...**PRO SE.**! THIS IS A DISTINCT AND UNFAIR DISADVANTAGE.

## V

**THIS IS A CAPITAL LIFE WITHOUT POSSIBILITY OF PAROLE CASE.**

THE PETITIONER IS A **YOUNG MAN OF TWENTY-THREE YEARS OF AGE.** THERE ARE REPEATED REFERENCES IN THE APPELLANT'S BRIEF...AND IN STATE'S APPELLEE'S BRIEF...AND IN THE APPEAL'S COURT'S MEMORANDUM OPINION TO THE COURT REPORTER'S RECORD. THE PETITIONER MUST HAVE THE RECORD IN HIS HANDS TO PROPERLY CITE AND REFUTE THE ISSUES PRESENTED BY THE STATE AND THE APPEALS COURT. OTHERWISE IT IS A FUNDAMENTAL FAIRNESS ISSUE AND THAT IS WHAT PLACES HIM AT THE DISTINCT DISADVANTAGE AS THE UNBRIDALED STATEMENTS OF THESE INTERROGATING OFFICERS HAD SUBSTANTIAL AND INJURIOUS EFFECT AND INFLUENCE IN DETERMINING THIS JURY'S VERDICT.

KING V. STATE,953 SW.2d 266,271 (TEX.CRIM.APP.1997)

AND..."THE RELEVANCE OF STATEMENTS BY INTERROGATING OFFICERS HINGES ON DEFENDANT'S RESPONSE RATHER THAN ON THE STATEMENTS CONTENT..."

KIRK V. STATE,199 SW.3d 467,473-79(TX.APP.SAN ANTON.)

FINCHER V. STATE,No.04-12-00489 CR 2013 WL 5429928 at *2

HUMPHREY V. STATE,No.01-08-00820-CR 2012 WL 4739925 at *2 (TX.APP.HOUS.1st DIST.).

HEARSAY IS A STATEMENT,OTHER THAN ONE MADE BY THE DECLARANT WHILE TESTIFYING AT TRIAL OFFERED TO PROVE THE TRUTH OF THE MATTER ASSERTED..'KIRK' at 478-79 and WOOD V. STATE,No.01-13-00845-CR 2014 WL5780273 at *5 TX.APP.HOUS.1st.

HERE,THE PETITIONER MADE **NO RESPONSE** IN THE LAST HOUR OF THAT TAPED INTERROGATION. SO THE JURY WAS SUBJECTED TO THE REPEATED AND CONTINUED **HEARSAY OPINIONS** OF A FRUSTRATED OFFICER SPOUTING AN..."**ENDLESS LINE OF INUENDO...PARADING IT IN FRONT OF THE JURY MEMBERS.** THIS "**DRILLING**" STACCOTO LURINGLY HYPNOTIZED AN INDELIBLE IMPRINT INTO THE MINDS OF THE JURY PREJUDICING THEM AGAINST THIS PETITIONER.

(3)

THESE OFFICER'S STATEMENTS "MISREPRESENT THE EVIDENCE" AND AS THEY ARE ON VIDEO ARE NOT SUBJECT TO STANDARD CROSS_EXAMINATION NOR IMPEACHMENT BY THE COUNSEL FOR THE DEFENSE. THE APPEALS COURT EVEN ADMITS THAT THE DETECTIVE'S STATEMENTS ARE INACCURATE (LIES)... (i.e. THAT..."ONLY [PETITIONER'S] DNA WAS UNDER [VICTIM'S] NAILS" SEE: PAGE 11 OF MEMORANDUM OPINION)

THIS IS MORE FALSEHOOD DESIGNED TO SWAY THE JURY TO BELIEVE "GUILT" WHERE THERE IS NONE.

### PRAYER

WHEREFORE...PREMISES CONSIDERED...THIS PETITIONER SEEKS A (90) DAY EXTENSION OF TIME IN WHICH TO SECURE THE RECORD...AND TO DO THE RESEARCH OF THAT RECORD AND TO FORMULATE A PROPER PETITION FOR DISCRETIONARY REVIEW WHICH IS WORTHY OF THIS HONORABLE COURT'S DE NOVO CONSIDERATION. SUCH IS REQUIRED IN THE INTERESTS OF JUSTICE AND FUNDAMENTAL FAIRNESS. NO REASONABLE JURIST WOULD ASK ANY LESS WERE THEY IN THE PLACE OF THIS PETITIONER.

ALL OF THE ABOVE IS TRUE AND CORRECT TO THE BEST OF THIS PETITIONER'S KNOWLEDGE AND RECOLLECTION...SWORN UNDER PENALTY OF PERJURY...PURSUANT TO 28 U.S.C. § 1746 ON THIS 26 DAY OF JUNE 2015.

RESPECTFULLY TENDERED........

JOHNNY CALVIN SCOTT
TDCJ No. 1927796
W.P. CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS
79107

(4)