NO. 07-04-0447-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 17, 2005



______________________________



ARMANDO SANDOVAL, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406365; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Armando Sandoval, Jr., was convicted by a jury of murder and sentenced
to incarceration for life in the Institutional Division of the Texas Department of Criminal
Justice and a fine of $10,000.00. On appeal, appellant contends that the evidence was
factually insufficient to support the verdict. We affirm the trial court's judgment.

 On March 16, 2003, appellant and Christina Moreno got into an argument which
escalated into a physical altercation. During the course of this altercation, appellant was
stabbed with a knife once in his leg while Moreno was stabbed numerous times resulting
in her death. Other than appellant and Moreno, there were no eyewitnesses to this
altercation. 

 Appellant was arrested and indicted for the murder of Moreno. During the trial,
appellant testified that he killed Moreno in self-defense. The jury charge instructed the jury
on the law of self-defense. The jury, nonetheless, found appellant guilty of murder.

 Appellant appeals his conviction and sentence. By this appeal, appellant contends
that the evidence was factually insufficient to support his conviction for murder. Appellant
specifically contends that the State failed to produce factually sufficient evidence to
persuade the jury, beyond a reasonable doubt, that appellant did not act in self-defense.

 Self-defense is a justification that precludes criminal responsibility and, as such, is
a defense. Tex. Pen. Code Ann. §§ 2.03(a), 9.02, 9.31, 9.32 (Vernon 2003) (1); Luck v. State,
588 S.W.2d 371, 375 (Tex.Crim.App. 1979). A person is justified in using deadly force
against another when and to the degree he reasonably believes deadly force is immediately
necessary to protect himself against the other's use or attempted use of deadly force and
when a reasonable person in the actor's situation would not have retreated. TPC § 9.32(a). 
The reasonableness of the use of deadly force is viewed from the standpoint of the actor
at the time that he acted. Bennett v. State, 726 S.W.2d 32, 37-38 (Tex.Crim.App. 1986). 
Whether a defendant's belief was reasonable and whether his actions were justified under
the circumstances are fact questions for the jury to decide. Hayes v. State, 728 S.W.2d
804, 808 (Tex.Crim.App. 1987). A jury implicitly rejects a defense by finding the defendant
guilty. Adelman v. State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992); Saxton v. State, 804
S.W.2d 910, 914 (Tex.Crim.App. 1991).

 When a defendant raises a defense, he bears the initial burden of production, which
requires the production of some evidence to support the defense. Zuliani v. State, 97
S.W.3d 589, 594 (Tex.Crim.App. 2003). Once the defendant produces evidence supporting
the defense, the State bears the burden of persuasion to disprove the defense. Id. This
burden of persuasion does not, however, require the State to affirmatively produce
evidence refuting the defense, rather, the State disproves the defense by proving its case
beyond a reasonable doubt. Id. 

 When a defendant appeals challenging the factual sufficiency of his conviction, the
reviewing court must ultimately determine whether, considering all the evidence in a neutral
light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. 
See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in
which the evidence may be insufficient. First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a reasonable
doubt. Id. Second, considering all of the evidence, both for and against the verdict, the
contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could
not have been met. Id. at 484-85. As appellate courts are not allowed to find facts or
substitute its judgment for that of the jury, an appellate court's determination that the
evidence is factually insufficient to support the verdict requires reversal of the judgment and
remand for a new trial. Id. at 482. 

 In a factual sufficiency review, we are required to consider the most important
evidence that the appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex.Crim.App. 2003).

 Appellant contends that his trial testimony established that he killed Moreno in self-defense and that this evidence is so strong that the jury could not have convicted him of
murder beyond a reasonable doubt. We disagree. Appellant testified that Moreno stabbed
him in the leg while they were fighting and, after he had been wounded, he took the knife
away from Moreno and stabbed her once or twice in the chest and once in the side. 
Appellant testified that he and Moreno then went into another room, without the knife,
where the fight continued. Eventually, appellant and Moreno returned to the first room
where Moreno again grabbed the knife. (2) Appellant testified that, because of how he was
situated at this time, he could not retreat from Moreno. Appellant was, however, able to
take the knife away from Moreno, but Moreno continued to hit him with her fists. Appellant
testified that he waited for an opportunity to get inside of her arms and, when he was able
to do so, he stabbed Moreno in the chest. Appellant admitted that he stabbed Moreno at
least nine times. At the time that appellant fatally stabbed Moreno, he had possession of
the knife and, thus, the jury could have reasonably concluded that appellant's belief that
the use of deadly force was immediately necessary was unreasonable. See TPC § 9.32; 
Hayes, 728 S.W.2d at 808. Consequently, appellant's testimony provided sufficient
evidence to support the jury's verdict and does not establish that appellant's use of deadly
force was justified such that confidence in the verdict is undermined. 

 Having carefully reviewed all of the evidence in the proper light, we conclude that
evidence supporting the jury's verdict and implied rejection of appellant's defense is
factually sufficient to support appellant's conviction for murder beyond a reasonable doubt. 
See Zuniga, 144 S.W.3d at 484-85. We overrule appellant's issue.

 Having found the evidence factually sufficient to support the jury's verdict, we affirm
the judgment of the trial court.


 Mackey K. Hancock

 Justice





Do not publish. 

1. Further reference to sections of the Penal Code will be by reference to "TPC § __."
2. Appellant's trial testimony conflicts with the written statement that he gave the
police after the incident. In his statement, appellant indicated that he picked up the knife
and started stabbing Moreno when he and Moreno reentered the kitchen. The jury was
free to accept appellant's written statement and reject his trial testimony. See Cain v. State,
958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). However, in analyzing appellant's most
important evidence, we will assume that appellant's trial testimony was accurate.


hile these facts by themselves do not
prove that appellant committed the robbery, they tend to connect him to it. Appellant
argues that this case is similar to Castenada v. State, 682 S.W.2d 535 (Tex. Crim. App.
1984) in which the only evidence linking the defendant to the pool hall where the victims
were murdered was that of an accomplice witness. We find the case at bar distinguishable
due to the fact that appellant, his brother, and MacKenney, all of whom resided in Amarillo,
were seen on videotape in Lubbock in the early morning hours in appellant's vehicle a
short time before the robbery, and appellant's vehicle was identified entering and leaving
Hogan's residential area. 

Issue 3 - Jury Charge


 Next, appellant complains of the trial court's failure to include an instruction to the
jury pursuant to article 38.23 of the Code of Criminal Procedure. We find no error. 

 Article 38.23 provides that in any case where the evidence raises an issue as to
whether evidence was obtained by an officer in violation of the federal constitution or laws
or the state constitution or laws, the jury shall be instructed that if it believes that (or has
reasonable doubt whether) the evidence was obtained illegally, the jury should disregard
any such evidence. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). Appellant
sought the instruction with respect to a written statement given by MacKenney to police on
January 28, 2004, which he alleged was not voluntarily made. The court denied the
request finding that article 38.23 applies only to a statement sought to be used against the
person who made the statement. 

 An accused does not have standing to complain about evidence that is illegally
obtained unless it was done so in violation of his own rights. Chavez v. State, 9 S.W.3d
817, 819 (Tex. Crim. App. 2000). So, even if MacKenney's statement was coerced as
appellant claims, the rights affected were those of MacKenney, not appellant. In other
words, he lacked standing to raise the issue. 

 Nor does appellant's reliance on Garza v. State, 771 S.W.2d 549 (Tex. Crim. App.
1989) cause us to hold otherwise. There, the statement was provided by a passenger in
Garza's car. Since the car was illegally stopped, the witness' statement would be
considered fruit of the improper detention, and the defendant had standing to suppress that
fruit. In short, the evidence was obtained through an improper stop of Garza. The
appellant here has not shown how any coercion that may have been directed against
MacKenney transgressed any of his rights. 

Issue 4 - Sufficiency of the Evidence
 

 Finally, appellant contends the evidence is factually insufficient to support his
conviction. We again disagree.

 The standard by which we review a factual sufficiency challenge is well established. 
We refer the parties to Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006) for its
explanation. 

 Appellant points out that without MacKenney's testimony, the only evidence that
implicates him is the ski mask found at his home and the use of his vehicle in the offense.
Further, he argues that MacKenney and two other black men could have traveled to
Lubbock to rob Hogan. Nevertheless, MacKenney's testimony was before the jury and
even though her credibility was subject to challenge, there also was videotape evidence
that not only connected her with appellant in Lubbock immediately before the crime
occurred but also confirmed her version of events. The jury was free to accept some, all,
or none of her testimony. In sum, and when weighed against the entire record, the verdict
is not manifestly unjust; nor does the entirety of the record undermine our confidence in
the verdict.

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice


Do not publish. 
1. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). 
2. MacKenney testified that she purchased duct tape and a black marker at the Walmart store in
Lubbock. She also stated that appellant and his brother went into the same store and bought spark plugs
which appellant or his brother said could be used to cut glass. MacKenney then drove the Suburban past the
guard gate entering the Buffalo Springs Lake area.