Albert HAYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 955–82.

Court of Criminal Appeals of Texas, En Banc.

April 29, 1987.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTIONS FOR REHEARING

W.C. DAVIS, Judge.

Appellant was convicted of aggravated assault and was sentenced to five years' incarceration in the Texas Department of Corrections.

The First Court of Appeals, in an unpublished opinion, affirmed appellant's conviction holding, inter alia, that appellant's requested instructions on "deadly force" pursuant to V.T.C.A. Penal Code, § 9.32, and reckless conduct pursuant to V.T.C.A. Penal Code, § 22.05, were properly refused by the trial court. *Hayes v. State,* No. 01–81–0584–CR (Tex.App.—Houston [1st], October 7, 1982). We granted appellant's petition for discretionary review in order to determine whether evidence was indeed presented which would implicate the two requested instructions.

On original submission we concluded that the trial court erred in refusing to instruct the jury on "deadly force", and that that error harmed appellant. In motions for rehearing, the State argues that we erred in finding that appellant was harmed by the omission. We have reexamined this issue and agree that appellant suffered no harm. We withdraw our prior opinion and grant the State's motions for rehearing.

Although we find the error to have been harmless, we remain convinced that it was error to refuse appellant's requested charge on deadly force. Since our original opinion is withdrawn we will include its analysis of that error here.

The record reflects that on August 31, 1980, the complainant was helping friends, a married couple, move from an apartment complex in Houston. In order to be closer to the couple's apartment, the complainant and the couple parked their vehicles in a space assigned to appellant and his wife, who were also residents of the apartment complex. Some time after 1:30 on the afternoon of the incident, appellant's wife asked the complainant and his friends to move their automobiles from her parking space. While accounts differ as to the severity and nature of the dispute, it is apparent that appellant became angry when he heard of the encounter. Appellant went downstairs and argued with the complainant and his friends. After several harsh words were exchanged, appellant returned to his apartment.

Appellant changed his clothing so that he was wearing full length trousers rather than the shorts he had worn earlier. He also stuck his pistol in the waistband of his pants. According to appellant, he armed himself because he felt threatened. He then returned to the scene of the incident. Appellant maintains that the pistol was hidden under his shirt when he approached the complainant. The complainant insists the pistol was outside appellant's shirt in full view.

The complainant and other witnesses testified that appellant was belligerent and struck the complainant without provocation. According to the complainant, appellant struck him with his gun as the complainant was preparing to leave. The complainant testified that he then struck the appellant with a Coke bottle, after which a struggle ensued. The complainant contended that he was shot during the struggle as he continued to grapple with appellant.

Both appellant and his wife testified that the complainant made the first move. Appellant contends the complainant emptied his Coke bottle and held it in a threatening fashion. Appellant stated that he only attempted to get by the complainant and in so doing pushed him aside. It was then, according to appellant, that the complainant struck him with the bottle and knocked him against the car. Appellant testified that he felt his life was threatened and grabbed his gun. The complainant also went for the gun. Apparently the two struggled for control of the weapon. Appellant insisted that the weapon fired accidentally during this struggle and that the shooting was unintentional.

Appellant requested the court to instruct the jury on the law of self-defense applicable to a situation in which an accused has to use deadly force to defend against deadly force. Instead, the court instructed the jury as to the justifiable use of less than deadly force. The court's charge closely follows the language of V.T.C.A., Penal Code, Section 9.31, which states in relevant part:

(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

The actual language of the court's charge in relevant part reads as follows:

Upon the law of self defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.

When a person is attacked, or an attempt is made to attack such person, with unlawful force, and there is created in the mind of such person a reasonable expectation or fear of some bodily injury then the law excuses or justifies such person in resorting to force to the degree that he reasonably believes is immediately necessary, viewed from his standpoint at the time, to protect himself from attack or attempted attack.

A person is under no obligation to retreat to avoid the necessity of repelling or defending, with force less than deadly force, against an attack or attempted attack.

Now, if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant did shoot the complainant, Douglas W. Williamson, but you further find from the evidence, or you have a reasonable doubt thereof, that at that time the defendant was under attack or attempted attack from the complainant, Douglas W. Williamson, and that the defendant reasonably believed, as viewed from his standpoint, that such force as he used was immediately necessary to protect himself against such attack or attempted attack, and so believing, he shot the complainant, Douglas W. Williamson, then you will acquit the defendant and say by your verdict 'Not guilty.'

Appellant requested that the court charge on the use of deadly force pursuant to V.T.C.A., Penal Code, § 9.32 which reads in relevant part:

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to protect himself against the other's use or attempted use of unlawful deadly force; ...

The Court of Appeals rejected appellant's argument, stating that there was "no evidence that the appellant was reasonably warranted in drawing a gun against the complainant when he was not armed." The court also stated that the "appellant made no claim that he feared for his life, or was afraid of incurring serious bodily injury."

Appellant maintains that the complainant was indeed armed because he wielded the Coke bottle as a club. Appellant also argues that his testimony raised the issue of whether he reasonably believed himself to be in danger of death or serious bodily injury. Appellant also cites V.T.C.A., Penal Code, Section 9.01(3), to support his position. This statute defines "deadly force" as follows:

(3) 'Deadly force' means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.

The State, for its part, relies on the argument that it must be shown that the defendant "reasonably believed" that the use of deadly force is immediately necessary before he can receive the benefit of such an instruction. The State argues that at the time appellant fired his gun he could not have reasonably believed himself to be in such peril. The State also asserts that a bottle is not a deadly weapon per se under the case law in this State.

■ This Court has consistently held that an accused is entitled to an instruction on every defensive issue raised by the evidence. *Moon v. State*, 607 S.W.2d 569 (Tex.Cr.App.1980); *Garcia v. State*, 605 S.W.2d 565, 566 (Tex.Cr.App.1980); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Cr.App.1978); *Warren v. State*, 565 S.W.2d 931, 933–4 (Tex.Cr.App.1978); *Esparza v. State*, 520 S.W.2d 891, 892 (Tex.Cr.App. 1979). This is true regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of this evidence. *Warren v. State*, supra; *Shaw v. State*, 510 S.W.2d 926 (Tex.Cr.App.1974) (opinion on motion for rehearing); *Carter v. State*, 515 S.W.2d 668 (Tex.Cr.App.1974).

■ It is also well settled that a defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge. *Warren v. State*, supra, at 933–934; *Simpkins v. State*, 590 S.W.2d 129, 132 (Tex.Cr.App.1979); *Day v. State*, 532 S.W.2d 302, 306 (Tex.Cr.App.1976). This is particularly true when, as is the case here, appellant made a proper and timely request for such a charge. *Warren v. State*, supra, at 934; see also *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716 (1962).

■ Contrary to the Court of Appeals reading of the record it is clear to us that the complainant was indeed armed. The complainant's own testimony reveals that he struck appellant with the Coke bottle, clearly an object capable of causing death or serious bodily injury. The complainant testified that he did this only after being struck by the appellant and only in an instinctive effort to defend himself. Nonetheless, the complainant wielded the bottle much as one would a club. The appellant and the complainant's account differ as to who was the aggressor. Testimony was offered to support both views and this issue should have been left to the jury to decide.

■ Furthermore, appellant affirmatively testified that he was in fear for his life. Whether the appellant's beliefs were reasonable and justifiable and whether or not the appellant used more force than necessary under the circumstances were fact questions for the jury to decide. *Rodriguez v. State,* 544 S.W.2d 382 (Tex.Cr.App. 1976). In denying appellant's requested charge on the use of deadly force the trial judge was denying the jury the opportunity to decide this issue.

Appellant's testimony and that of his wife raised the issue of self-defense in response to deadly force. Therefore, the trial court erred in denying appellant's requested charge. We emphasize that the truth or credibility of appellant's testimony is not at issue here. The issue is whether the jury should have been instructed to decide those facts under the applicable law.

Having determined that the court erred in failing to correctly charge the jury we now evaluate the harm caused by such error. *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985); *Arline v. State,* 721 S.W.2d 348 (Tex.Cr.App.1986). If the error was properly preserved at trial *any* harm, regardless of degree, is sufficient to require reversal of the conviction. "Cases involving preserved charging error will be affirmed only if *no* harm has occurred." *Arline,* supra, 351. Non-preserved error in the court's charge requires a higher level of harm to cause reversal. In cases where the error was not preserved it must be "egregious", and the harm to the defendant be such that he was denied "a fair and impartial trial." *Almanza,* 686 S.W.2d at 172; *Arline,* supra.

In the instant case the error was preserved by appellant's timely requested jury instruction. Therefore, *any* harm resulting to appellant due to the trial court's refusal to include the charge will require a reversal of his conviction.

As has already been pointed out, appellant requested the court to instruct the jury on the law of self-defense applicable to the situation in which an accused has to use deadly force to defend himself against deadly force in accordance with V.T.C.A., Penal Code, § 9.32.

■ The trial court refused to include the requested instruction but included an instruction on self-defense. The application paragraph of the charge on self-defense reads:

Now, if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant did shoot the complainant, Douglas W. Williamson, but you further find from the evidence, or you have a reasonable doubt thereof, that at that time the defendant was under attack or attempted attack from the complainant, Douglas W. Williamson, *and that the defendant reasonably believed, as viewed from this standpoint, that such force as he used was immediately necessary to protect himself against such attack or attempted attack,* and so believing, he shot the complainant, Douglas W. Wiliamson, then you will acquit the defendant and say so by your verdict "Not Guilty." (emphasis added)

Under appellant's requested charge his use of deadly force would only have been justified if unlawful deadly force was being used against him. V.T.C.A., Penal Code § 9.32(3)(A) requires that deadly force only be used in response to unlawful deadly force. However, the charge given by the trial court contains no such limitation on appellant's defensive theory. Under the

language used by the trial court appellant would be justified in using deadly force if he reasonably believed such was immediately necessary to protect himself regardless of the force being used against him. This charge allowed appellant to use deadly force to defend himself against an attacker using non-deadly force. Appellant's requested charge would not have allowed the jury such flexibility.

The trial judge did include the following abstract charge: "[A] person is under no obligation to retreat to avoid the necessity of repelling or defending, with force less than deadly force, against an attack or attempted attack." However, the charge contained no other reference to "deadly force" or "retreat" and this statement was not included in the application paragraph.

Therefore, although the trial court's refusal to include the requested charge was error we conclude that appellant suffered no harm thereby because the charge on self-defense gave appellant more latitude in his use of deadly force than would his requested charge.

Due to our disposition of the State's Motion for Rehearing we now address appellant's remaining ground of review. Appellant alleges that the trial court erred in refusing to include in the court's charge to the jury his timely requested instruction on the lesser included offense of reckless conduct pursuant to V.T.C.A., Penal Code, § 22.05. Appellant argues that evidence presented at the guilt phase of his trial raised the possibility that he, if guilty of an offense at all, was guilty only of reckless conduct.

V.T.C.A., Penal Code, § 22.05 reads in pertinent part:

(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.

V.T.C.A., Penal Code, § 6.03(c) defines reckless mental state in the following manner:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

██ It is well established that if evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the court's charge. *Ojeda v. State,* 712 S.W.2d 742 (Tex.Cr.App.1986); *Bell v. State,* 693 S.W.2d 434 (Tex.Cr.App.1985); *Lugo v. State,* 667 S.W.2d 144 (Tex.Cr.App.1984). Further, it is not the court's function to determine the credibility or weight to be given the evidence raising the defensive theory or lesser included offense. The fact that the evidence raising the issue may conflict with or contradict other evidence in the case is not relevant to the determination of whether a charge on the issue must be given. Rather, it is the jury's duty, under proper instruction, to determine whether the evidence is credible and supports the defense on lesser included offense. *Moore v. State,* 574 S.W.2d 122 (Tex.Cr.App.1978).

██ In accordance with the statutes and caselaw, a charge on reckless conduct must be given when evidence from any source raises the possibility that the defendant recklessly placed another in imminent danger of serious bodily injury through his or her conduct. The reckless mental state is satisfied by evidence which indicates that the defendant consciously disregarded a known substantial and unjustifiable risk that the aforementioned serious bodily injury would occur; a risk of such a nature that its disregard constitutes a gross deviation from the standard of care an ordinary person would exercise under the circumstances. See V.T.C.A., Penal Code, §§ 22.05 and 6.03(c).

██ The instant case clearly contains such evidence. By reentering his apartment to get his gun after a heated argument with the complainant and by brandishing it in such a manner as to intimidate the complainant or to protect himself, ap-

pellant demonstrated that he knew the risk of serious bodily injury which could result from its use. Further, appellant testified that he did not intend to shoot the complainant and that the actual discharge of the gun was accidental, occurring during a struggle between appellant and the complainant. These are precisely the circumstances under which a charge on reckless conduct should be given.

In *Thomas v. State*, 699 S.W.2d 845 (Tex. Cr.App.1985), the defendant, after having several times harassed patrons and created disturbances in a local restaurant, was barred from returning by the restaurant's manager. After several subsequent confrontations the dispute between the defendant and the manager escalated to the point where the defendant returned to the restaurant armed with a handgun and shot the manager. The defendant testified that he returned to the restaurant to talk to the manager and he only used the gun to protect himself. Further, he testified that he did not intend to shoot the restaurant manager and that the gun discharged accidentally during the struggle. Evidence was also presented which indicated that the defendant was familiar with the use of handguns.

The defendant requested a charge on criminally negligent homocide, a lesser included offense of voluntary manslaughter. This Court concluded that while the evidence could easily implicate a reckless mental state it did not implicate a negligent one. The Court reasoned,

> Evidence that a defendant knows a gun is loaded, that he is familiar with guns and their potential for injury, and that he points a gun at another, indicates a person who was aware of a risk created by that conduct and disregards that risk.

*Thomas*, 699 S.W.2d at 850.

The facts involved in *Thomas*, supra, are remarkably similar to those in the instant case. The evidence in the instant case indicates that appellant and the complainant were engaged in a verbal dispute which escalated to physical assault. Appellant returned to his apartment to get a weapon.

He went back outside and became involved in a physical struggle which resulted in discharge of the weapon and injury to the complainant. Appellant testified that he did not initiate the altercation, that he drew his weapon because he felt threatened, that he did not intend to shoot the complainant, and that the gun discharged accidentally. These are functionally the same factual showings that we indicated in *Thomas*, supra, raised the issue of a reckless mental state. By involving himself in a physical struggle with the complainant, returning for a weapon and using the weapon in the midst of further struggle, appellant evidenced the same mental state as the defendant in *Thomas*, supra, i.e., that he knew the risk he was taking and chose to ignore it. Therefore, it was error for the trial judge to deny the requested instruction.

Because a timely request was made, any harm resulting to appellant will mandate reversal. *Almanza*, supra; *Arline*, supra. Appellant did not argue this issue to the jury during argument,[1] but it has been made clear that the evidence presented at least raised the lesser included offense of reckless conduct. The jury should have been afforded the opportunity to decide whether the offense committed by appellant constituted reckless conduct, a Class B misdemeanor, rather than aggravated assault, a third degree felony. Because the jury was not given this opportunity we cannot say that no harm resulted to appellant. The judgment of the Court of Appeals is reversed and the cause remanded to the trial court for new trial.

ONION, P.J., concurs in the result.

TEAGUE, J., dissents to the holding that there was "no harm," regarding the failure to instruct on deadly force, but concurs to the holding that the appellant was entitled to a charge on reckless conduct.

---

1. · Although appellant did not argue the reckless conduct issue to the jury, jury argument is only one factor to consider in evaluating harm. See *Almanza*, supra.