**SOUTHWEST UTILITIES, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–91–171–CR to 13–91–173–CR and 13–91–257–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 9, 1992.

Rehearing Overruled Feb. 27, 1992.

Alex Bunin, Houston, Mason Terry, Redford, Wray & Woosey, Austin, for appellant.

John D. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before GILBERTO HINOJOSA, KENNEDY and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found Southwest Utilities, Inc., guilty of four counts of air pollution. *See*

TEX. HEALTH AND SAFETY CODE ANN. § 382.-091(a) (Vernon 1990). The court assessed punishment at four fines of $750.00 plus court costs. By two points of error it appeals. We affirm.

Southwest Utilities owns a sewage facility which processes residential waste near a residential area. A byproduct of its operation on at least four occasions was a powerful, foul-smelling odor.

Section 382.091(a) creates criminal penalties for the following conduct:

> A person may not cause or permit the emission of an air contaminant that causes or that will cause air pollution unless the emission is made in compliance with a variance or other order issued by the (air control) board.[1]

The State alleged that on four occasions the plant emitted a foul-smelling odor, and that the odor was so strong it interfered with the normal use and enjoyment of the surrounding residential property. The evidence at trial showed that on the four occasions the facility emitted an offensive odor and that the odor interfered with the normal use and enjoyment of the surrounding property. The jury found Southwest Utilities, Inc. guilty on all four counts of air pollution.

Appellant, by its first point of error, asserts that the trial court erred in refusing to grant an instructed verdict of not guilty at the close of the State's case, and again at the end of trial. Appellant argues that it is exempt from seeking a permit to emit air pollutants; therefore it is in compliance with an order of the Air Control Board and exempt from criminal liability when it emits air pollutants. In support it refers to TEX.ADMIN.CODE. § 116.6(a),[2] a rule exempt-

1. "Air pollution" means the presence in the atmosphere of one or more air contaminants or combination of air contaminants in such concentration and of such duration that: ... (B) interfere with the normal use and enjoyment of animal life, vegetation, or property. § 382.-003(2)(B). Odors are defined as air contaminants. § 382.003(1).

2. Title 31, Texas Administrative Code, provides: § 116.6. **Exempted Facilities**
(a) Pursuant to the Texas Clean Air Act (TCAA), § 3.27(a), the facilities or types of facilities list-

ed in the Standard Exemption List, dated April 25, 1986, as filed in the Secretary of State's Office and herein adopted by reference, are exempt from the permit requirements of the TCAA, § 3.27 and § 3.28, because such facilities will not make a significant contribution of air contaminants to the atmosphere; provided, however, that:
(1) actual emissions from the proposed facility shall not exceed 250 tons per year of carbon monoxide or nitrogen oxides or 25 tons per year of any other air contaminant except

ing certain types of facilities, including appellant's sewage facility, from permit requirements.[3] We disagree with this argument.

■ The issue is whether a facility exempt from the permit requirements under Rule 116.6(a) may still be criminally liable for air pollution under § 382.091(a). Even assuming appellant was exempt under Rule 116.6(a), this rule, by its own terms, merely eliminates the requirement that appellant acquire a permit before emitting air contaminants. It does not eliminate the § 382.091(a) requirement that emission of air contaminants must be in compliance with a variance or order of the Air Control Board. Thus, being exempt from permit requirements under Rule 116.6(a), or any order not relating to emissions, is not a defense to a criminal action under § 382.-091(a). Rule 116.6(b) implicitly so provides. Appellant's first point of error is overruled.

Appellant's second point of error argues that the court's charge was improper in that it did not include appellant's requested instruction regarding the exception to the permit requirement. The requested instruction provided:

You are instructed that on January 11th, of 1985 effective March 15, 1985, the Texas Air Control Board acting under

the authority of the Texas Clean Air Act by order promulgated the standard exemption list. The Air Control Board exempted facilities or types of facilities from the requirement to secure permits for construction modification or operation. Among these facilities listed the following: 60, Sewage Treatment Facilities, (excluding combustion or incineration equipment, land farms, or grease trap waste handling or treatment facilities).

■ An accused is entitled to an instruction on every defensive issue the evidence raises. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim.App.1987). In light of our ruling above, this instruction was irrelevant. The trial court did not err in refusing to instruct the jury regarding whether the facility was exempt from the permit requirement under Rule 116.6. We overrule appellant's second point and AFFIRM its convictions.

■

carbon dioxide, water, nitrogen, methane, ethane, hydrogen, and oxygen. In addition, total actual emissions from the property where the proposed facility is to be located shall not exceed 250 tons per year of carbon monoxide or nitrogen oxides or 25 tons per year of any other air contaminant except carbon dioxide, water, nitrogen, methane, ethane, hydrogen, and oxygen, unless at least one facility at such property has been subject to public notification and comment as required by § 116.10 of this title (relating to Public Notification and Comment Procedure) or § 116.7 of this title (relating to Special Permits);
(2) construction or modification of the facility shall be commenced prior to the effective date of a revision of the standard exemption list under which the construction or modification would no longer be exempt;
(3) the proposed facility shall comply with the applicable provisions of the Federal Clean Air Act and regulations promulgated thereunder, § 111 or § 112, or the new source review requirements of Part C or Part D;
(4) notwithstanding the provisions of this section, any facility which constitutes a major

source, or any modification which constitutes a major modification, under any new source review requirement of the Federal Clean Air Act and regulations promulgated thereunder shall be subject to the requirements of § 116.3 of this title (relating to Consideration for Granting Permits to Construct and Operate) rather than this section.
(b) The emissions from the facility shall comply with all rules and regulations of the Texas Air Control Board (TACB) and with the intent of the TCAA, including protection of health and property of the public, and all emission control equipment shall be maintained in good condition and operated properly during operation of the facility.
(c) Copies of the current Standard Exemption List are available from the TACB office at 6330 Highway 290 East, Austin, Texas 78723, and at all TACB regional offices.

3. Sewage treatment facilities (excluding combustion or incineration equipment, land farms, or grease trap waste handling or treatment facilities) are exempt. Southwest's facility is within this exemption.