98-01014 Cammer v State of Texas.wpd



No. 04-98-01014-CR



Timothy John CAMMER,


Appellant


v.


STATE of Texas,

Appellee


From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 96-CR-2316

Honorable Sharon MacRae, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 8, 2000


REVERSED AND REMANDED.


 Timothy Cammer was convicted by a jury of aggravated assault. On appeal, he attacks
the sufficiency of the evidence supporting the jury verdict of guilt and the jury finding
regarding self-defense. Cammer also complains of the trial court's failure to instruct the jury
on the issue of defense of property with force.

Background


 This case involves an incident of "road rage." Cammer was driving a large Ford F-350
pickup truck when he encountered Eric Hammeren, who was driving a Toyota Corolla. One
of the drivers evidently "cut off" the other, precipitating an exchange of gestures and taunts
between the two drivers. Hammeren then followed Cammer's truck into a restaurant parking
lot. After Cammer's passengers exited his truck, Hammeren and his passenger, Kevin Kelly,
approached Cammer's truck and began a more personal confrontation. Cammer remained in
his vehicle as he and Hammeren exchanged obscenities.

 There was some testimony that Cammer chased Hammeren around the parking lot
with his truck. At some point, however, Hammeren grabbed onto the truck's driver's side
rear view mirror. At or about this time, Cammer shifted the truck into reverse, backed ten to
fifteen feet, and then applied the brakes. Cammer said he was acting defensively when
Hammeren grabbed the mirror and began banging on his partially open window. Hammeren's
story is that he grabbed the mirror only after Cammer began backing toward him and hung
on to keep from being run over. It is undisputed that when the truck suddenly stopped,
Hammeren was thrown from the truck mirror and suffered serious injuries, including broken
ribs and a bruised liver.

Discussion



 Legal Sufficiency


 Cammer asserts the evidence is legally insufficient to support the jury's verdict of
guilt and its failure to find self-defense. In reviewing a legal sufficiency point, we ask,
"whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord Clewis v. State, 922 S.W.2d
126, 132-33 (Tex. Crim. App. 1996).

 The evidence presented constitutes a "swearing match," providing two contradictory
accounts of the incident. Hammeren and Kelly testified they were attacked by Cammer, who
intended to hit them with his truck. Cammer testified he acted in self-defense, claiming he
was attacked by Hammeren and Kelly and that the injury occurred as Cammer tried to leave
the scene. The jury was free to believe or disbelieve any or all the evidence it heard. And
since there is some evidence to support the jury's answers, we cannot set the verdict aside
on grounds of legal insufficiency.


 Jury Instructions


 At trial, Cammer requested jury instructions on the issues of self-defense, defense of
property with force, and defense of property with deadly force. The trial court granted
Cammer's request for a self-defense instruction, but denied the requested instructions on
defense of property. Cammer argues the trial court erred in refusing to instruct the jury on
the issue of defense of property with force. We agree.

 An accused has the right to an instruction on any defensive issue raised by the
evidence. Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). This is true
regardless of the strength of the evidence or whether it is controverted. Hayes v. State, 728
S.W.2d 804, 807 (Tex. Crim. App. 1987). Further, the defendant need not testify for evidence
to raise a defensive issue, but rather, evidence from any source can raise the defensive issue.
Id. at 809. If the evidence has any tendency to raise the issue of defense of the person as well
as defense of property, the court must give a separate charge on each theory. Sledge v. State,
507 S.W.2d 726, 729 (Tex. Crim. App. 1974).

 Section 9.41 of the Texas Penal Code regards the right to defend one's property,
providing:

 A person in lawful possession of land or tangible, moveable
property is justified in using force against another when and to
the degree the actor reasonably believes the force is immediately
necessary to prevent or terminate the other's trespass on the land
or unlawful interference with the property.


Tex. Pen. Code Ann. §9.41(a) (Vernon 1994).

 The State argues Cammer never testified he acted out of fear for his truck. Further,
the State asserts Cammer's truck "just simply happened to be there" and that if Cammer acted
in defense to anything, it was himself. We have already noted, however, that evidence
regarding a defensive issue can come from any source. Hayes, 728 S.W.2d at 809.

 At trial, one of Cammer's former passengers, who witnessed the incident, testified she
saw Hammeren and Kelly "throwing stuff at the truck. Might have been rocks." She later
testified one of the rocks hit Cammer's side of the truck, possibly leaving a dent. She further
testified that as Hammeren was holding onto the mirror, he was "banging on the window."
Also, she testified either Hammeren or Kelly was holding some sort of a stick or bat during
the confrontation.

 In addition, Cammer testified that Hammeren spit at him and at his truck. Cammer
claimed he maneuvered his truck in that manner to avoid damaging his vehicle, and at one
point, stated he drove forward to "get [Hammeren] away from my vehicle, too." Further,
Cammer testified he slammed on the brakes to "get [Hammeren] off my truck and get him
away from me."

 The State cites Leach v. State for the proposition that there must have been some
damage to the property for an instruction on defense of property to be available. See Leach,
983 S.W.2d 45, 47-48 (Tex. App. - Tyler 1998, no pet.). Although we question the need to
show actual damages to property to get the instruction, it is unnecessary to decide that issue
in this case because there is evidence Cammer's truck had been damaged.

 We conclude the evidence is sufficient to raise the fact question of whether Cammer
acted out of defense of his property and an instruction should have been given to the jury on
this issue. See Sledge, 507 S.W.2d at 729-30; Venegas v. State, 660 S.W.2d 547, 549-50
(Tex. App. - San Antonio 1983, no pet.). Further, we find the error was "calculated to injure
the rights of" Cammer. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).
Although a jury may have reasonably found that Cammer, enclosed in his one-ton truck, did
not act out of fear for himself, the same jury reasonably could have found Cammer justifiably
acted out of fear of damage to his truck.

Conclusion The trial court erred in denying Cammer's requested instruction on defense of
property with force and he is, therefore, entitled to a new trial. All other points of error are
overruled. The judgment is reversed and the case is remanded to the trial court for further
proceedings.




 PAUL W. GREEN

 Justice


DO NOT PUBLISH