January 14, 2009

The Honorable Bobby Lockhart
Bowie County Criminal District Attorney
Post Office Box 3030
Texarkana, Texas 75504

Opinion No. GA-0690

Re: Authority of City of Texarkana municipal officers under various circumstances (RQ-0717-GA)

Dear Mr. Lockhart:

You inform us that the Texarkana, Texas Police Department and the Texarkana, Arkansas Police Department jointly operate a Bi-State Narcotics Task Force and a Metro Swat Team.[1] In relation to those units, you ask questions about the powers that peace officers of Texarkana, Texas and Texarkana, Arkansas possess. Request Letter at 1–2.

Your questions address two distinct groups: (1) peace officers of the Texarkana, Arkansas Police Department while in Texas; and (2) peace officers of the Texarkana, Texas Police Department while in Arkansas. Because the Arkansas courts and the Arkansas Attorney General are better suited to opine on Arkansas law, we decline to comment on your questions to the extent that they implicate that state's law.[2] We therefore limit this opinion to your questions as they relate to Texas law.

You first ask whether peace officers employed by the Texarkana, Arkansas Police Department have powers in the State of Texas outside the territorial limits of the City of Texarkana, Texas, and if so, how far those powers extend. Article 2.124(b) of the Code of Criminal Procedure provides:

> A commissioned peace officer of a state of the United States of America adjoining this state, while the officer is in this state, has under this subsection the same powers, duties, and immunities as a peace officer of this state who is acting in the discharge of an official

---

[1]See Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]Former Arkansas Attorney General Mike Beebe issued an opinion that addressed questions relating to the arrest powers that Texarkana, Texas police officers possess while in Texarkana, Arkansas. See Ark. Op. Att'y Gen. 2006-175 (concluding law enforcement officers of Texarkana, Texas have arrest powers in Arkansas under the circumstances authorized in Ark. Code Ann. § 16-81-115). Likewise here, your questions concerning Texarkana, Texas peace officers while in Arkansas might be directed to the Arkansas Attorney General for comment.

> duty, *but only in a municipality* some part of the municipal limits of which are within one mile of the boundary between this state and the adjoining state and only at a time the peace officer is regularly assigned to duty in a county, parish, or municipality that adjoins this state.

TEX. CODE CRIM. PROC. ANN. art. 2.124(b) (Vernon 2005) (emphasis added). Under a plain language construction of the statute, subsection (b) grants peace officers from an adjoining state jurisdiction throughout the municipal limits of a municipality that is within one mile of the border but not beyond those municipal limits.[3] Although Texas municipal peace officers may have jurisdiction under specific circumstances beyond the municipal limits, article 2.124, subsection (b) expressly limits the powers of a peace officer from an adjoining state to the municipal limits of the Texas city and not beyond.[4]

The powers granted to peace officers from an adjoining state under subsection (b) exist regardless of whether the cities on either side of the border have entered into an interlocal cooperation agreement under chapter 791 of the Government Code, the Interlocal Cooperation Act (hereafter "the Act"). *See generally* TEX. CODE CRIM. PROC. ANN. art. 2.124(b) (Vernon 2005); TEX. GOV'T CODE ANN. §§ 791.001–.033 (Vernon 2004 & Supp. 2008). However, the Act allows local governments to contract with each other to collectively perform certain governmental functions. TEX. GOV'T CODE ANN. § 791.011(a) (Vernon Supp. 2008). The Act defines "local government" to mean a "county, municipality, special district, . . . or other political subdivision of this state *or another state*." *Id.* § 791.003(4)(a) (emphasis added). You inform us that, pursuant to the Act, the cities of Texarkana, Texas and Texarkana, Arkansas have entered into the Interlocal Cooperation Agreement for Mutual Assistance in Law Enforcement (hereafter "Interlocal Agreement"), an agreement whereby the peace officers of each city can serve as law enforcement officers of the other city. Under an interlocal cooperation agreement the officers providing law enforcement services are in fact officers of the local government receiving the officers' services. *See* Tex. Att'y Gen. Op. No. GA-0189 (2004) at 6 ("[D]eputy sheriffs of one county acting as peace officers in another county under an interlocal agreement would in fact be officers of the law enforcement authority of the county receiving the officer's services.").

---

[3]You also question whether subsection (b) means that "neither agency can go beyond" one mile into the adjoining state. Letter Brief at 4 (*available at* http://www.texasattorneygeneral.gov). Subsection (b) does not create such extensive restrictions on peace officers from the adjoining state. The phrase "some part of the municipal limits of which are within one mile" by its terms restricts which cities the statute applies to. TEX. CODE CRIM. PROC. ANN. art. 2.124(b) (Vernon 2005); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases shall be read in context). It does not limit the jurisdiction of peace officers from an adjoining state to within one mile of the border.

[4]Other statutory provisions grant peace officers from adjoining states limited powers while in Texas for specific reasons. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 2.124(a) (Vernon 2005); *id.* art. 14.051(a). Such provisions may grant jurisdiction broader than article 2.124, subsection (b), and this opinion should not be construed as limiting the jurisdiction granted through provisions other than subsection (b).

Thus, when peace officers originally employed by Texarkana, Arkansas serve as law enforcement officers in Texarkana, Texas pursuant to the Interlocal Agreement, they are considered law enforcement officers of Texarkana, Texas. *See id.* As such, they have the same powers and duties as members of the Texarkana, Texas Police Department, subject to any limitations created by the Interlocal Agreement itself. It is therefore necessary to look to the terms of the Interlocal Agreement to determine the jurisdictional limits of those officers. Because this office does not construe contract terms, we decline to comment on whether the Interlocal Agreement extends the jurisdiction for peace officers originally employed by Texarkana, Arkansas while they serve in Texarkana, Texas pursuant to the agreement. *See* Tex. Att'y Gen. Op. No. GA-0302 (2005) at 2. We simply observe that such an agreement could provide jurisdiction for those officers equal to that of Texarkana, Texas officers.

You also ask whether "peace officers employed by the Texarkana, Arkansas Police Department have legal authority to use deadly force in the State of Texas while deployed as a part of the Texarkana Metro SWAT Team." Request Letter at 1. You note that article 2.124 of the Code of Criminal Procedure, which addresses the powers of peace officers from an adjoining state, "is silent on the issue of deadly force." Letter Brief at 4. Although that statute does not expressly allow an officer from an adjoining state to use deadly force in Texas, it gives an officer from an adjoining state, who otherwise meets the statutory requirements, "the same powers, duties, and immunities as a peace officer of this state who is acting in the discharge of an official duty." TEX. CODE CRIM. PROC. ANN. art. 2.124(b) (Vernon 2005).

Based on your Letter Brief, it appears that your question arose because of the language of article 2.124, subsection (a) of the Code of Criminal Procedure. *See* Letter Brief at 4. You suggest that article "2.124 states that a commissioned police officer from [an] adjoining state has the same powers, duties, and immunities as a Texas police officer, but then that article sets specific limits, i.e. physical custody of an inmate at [a] medical facility; transporting an inmate; regain[ing] physical custody." *Id.* However, the "specific limits" that you refer to apply only to the powers granted in subsection (a), when a peace officer is transporting an inmate to a medical facility in Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 2.124(a) (Vernon 2005). Subsections (a) and (b) of article 2.124 were enacted at different times and for different purposes, and nothing in the statute itself or the legislative history suggests that the limits on power in subsection (a) apply to the powers granted in subsection (b).[5] Thus, we conclude that under article 2.124(b) a peace officer from an adjoining state, who otherwise meets the requirements of that statute, has "the same powers, duties, and

---

[5]*See* Act of May 8, 1995, 74th Leg., R.S., ch. 156, § 1, 1995 Tex. Gen. Laws 1006, 1006–07; HOUSE COMM. ON PUB. SAFETY, BILL ANALYSIS, Tex. H.B. 1155, 74th Leg., R.S. (1995) (purpose of bill was to "allow commissioned peace officers of a neighboring state to have the same powers, duties, and immunities as Texas peace officers, but only while transporting an inmate from a neighboring county to and from a hospital in Texas"); Act of May 3, 1999, 76th Leg., R.S., ch. 107, § 1, 1999 Tex. Gen. Laws 544, 544; HOUSE COMM. ON PUB. SAFETY, BILL ANALYSIS, Tex. H.B. 165, 76th Leg., R.S. (1999) (purpose of bill was to allow "law enforcement agencies in another state to enforce Texas laws in a municipality which is split between Texas and another state").

immunities," including the power to use deadly force, "as a peace officer of this state who is acting in the discharge of an official duty." TEX. CODE CRIM. PROC. ANN. art 2.124(b) (Vernon 2005).[6]

As discussed above, the powers granted to Texarkana, Arkansas peace officers under article 2.124(b) exist regardless of whether the local governments have entered into an interlocal cooperation agreement. However, when serving pursuant to the Interlocal Agreement, peace officers of Texarkana, Arkansas are considered officers of Texarkana, Texas, and they possess the same authority to use deadly force as members of the Texarkana, Texas Police Department, subject to any limitations created by the Interlocal Agreement. Thus, depending on the specific terms of the Interlocal Agreement, their authority to use deadly force may be broader than that granted under article 2.124(b). Because, our office does not construe contract terms, we decline to comment on whether the Interlocal Agreement extends the authority of Texarkana, Arkansas peace officers to use deadly force beyond the municipal limits of Texarkana, Texas.

---

[6]The Legislature has articulated standards regarding the authority of peace officers to use deadly force. *See* TEX. PENAL CODE ANN. § 9.51(a), (c)–(e), (g) (Vernon 2003). Whether the use of deadly force is authorized in a particular circumstance is a fact question, and this office does not resolve fact questions in the opinion process. *See Granger v. State*, 3 S.W.3d 36, 39 (Tex. Crim. App. 1999) (quoting *Hayes v. State*, 728 S.W.2d 804, 808 (Tex. Crim. App. 1987)); Tex. Att'y Gen. Op. No. GA-0620 (2008) at 4–5 (resolution of factual issues not amenable to the opinion process).

## S U M M A R Y

Article 2.124, subsection (b) of the Texas Code of Criminal Procedure grants limited powers to officers from an adjoining state while in Texas in circumstances where the municipal limits of a municipality are within one mile of the boundary between this state and the adjoining state. Under that provision, the jurisdiction of peace officers of the Texarkana, Arkansas Police Department extends to the municipal limits of Texarkana, Texas and not beyond.

Article 2.124(b) also grants those officers from the adjoining state the same powers, duties and immunities as an officer of this state who is acting in the discharge of an official duty. Thus, officers of the Texarkana, Arkansas Police Department, while in Texarkana, Texas, have the same authority to use deadly force as an officer of this state.

Under the Interlocal Cooperation Act, when peace officers of Texarkana, Arkansas are serving as law enforcement officers in Texarkana, Texas pursuant to the Interlocal Agreement, they are considered law enforcement officers of Texarkana, Texas. Thus, when serving pursuant to that agreement, they have the same jurisdictional limits and authority to use deadly force as officers of the Texarkana, Texas Police Department, except as limited by the Interlocal Cooperation Agreement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee