**Opinion issued January 7, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00378-CR

———————————

**CHRISTOPHER HEDLUND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 1749885**

---

## MEMORANDUM OPINION

A jury convicted appellant, Christopher Hedlund, of misdemeanor assault causing bodily injury, and the trial court assessed punishment at three days' confinement and a $500 fine. In his sole issue on appeal, appellant contends the

trial court erred by refusing his requested jury instruction on self-defense. We affirm.

## BACKGROUND

Appellant and his next-door neighbor, Steve Northcutt, had an ongoing dispute over a ceramic plate that appellant used as a birdfeeder, which he placed on a common brick wall behind their houses. Appellant testified that the plate had been broken "about fifty times." Although he never saw Northcutt do so, appellant believed that Northcutt was repeatedly breaking the birdfeeder. Northcutt denied ever breaking the birdfeeder.

On the evening of April 10, 2011, appellant discovered that the birdfeeder had been broken again, so he gathered up the broken ceramic shards and walked next door to confront Northcutt. Northcutt, who had been away for the day at his teen-aged son's track meet, was sitting on the couch when he heard the doorbell ring. Believing that it was his dogsitter, Northcutt opened the door to find appellant standing there with something clenched in his fists. Appellant testified that he told Northcutt, "Steve, you guys have to stop this," and Northcutt responded by saying, "I don't know what you're talking about," and laughing at appellant. In contrast, Northcutt testified that he asked, "Chris, what are you doing here?" What happened next is undisputed.

Both appellant and Northcutt agree that appellant threw the shards of ceramic in Northcutt's home without any prior physical provocation by Northcutt. Appellant testified that he threw the ceramic pieces because he was frustrated when Northcutt laughed at him. He said that it was his intention to "make a mess in [Northcutt's] house," and denied hitting Northcutt with any of the shards. In contrast, Northcutt testified that when he asked appellant why he was at his house, appellant "took a step forward into the house and threw [the shards] into my face." Northcutt further testified that the shards hit him in the face and chest, causing pain and cuts on his face.

A fight then ensued, with each man providing a different version of the facts. Appellant testified that after he threw the ceramic pieces, Northcutt lunged at him and began grabbing and punching him. The fight continued into the street until Northcutt's 18-year-old son intervened and put appellant in a chokehold until he passed out.

Northcutt, however, testified that after appellant threw the ceramic pieces at him, Northcutt's dog ran outside, where appellant kicked it. Northcutt testified that he came outside to get appellant off of his dog, when appellant grabbed Northcutt's shirt and slung him down on the ground. When Northcutt tried to get up, appellant pulled the shirt over Northcutt's head, spun him around, and threw him into the

street. Northcutt's son, who had heard the altercation and the dog yelping, came outside, jumped on appellant's back, and choked him until he lost consciousness.

When appellant came to and sat up, Northcutt and his son went back inside and called the police. Appellant's wife also called police. After a brief investigation at the scene, appellant was arrested and charged with assault causing bodily injury.

## SELF-DEFENSE

*Standard of Review and Applicable Law*

Appellant contends that the trial court erred by failing to instruct the jury regarding self-defense. Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Initially, we determine whether an error occurred, and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza*, 686 S.W.2d at 171.

The trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case [and] not expressing any opinion as to the weight of the evidence. . . ." TEX. CODE CRIM. PROC. art. 36.14 (Vernon 2007). The trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications when they are raised by the evidence and requested by

4

the defendant. *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007); *see also Posey v. State,* 966 S.W.2d 57, 63 (Tex. Crim. App. 1998) (holding trial court has no duty to sua sponte instruct jury on unrequested defensive issues). A trial court's decision to deny a defensive issue in a jury charge is reviewed for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). When reviewing a trial court's decision to deny a requested defensive instruction, we view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

A defendant is entitled to an instruction on self-defense if he requests it and the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). "[A] defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw v. State*, 243 S.W.3d 647, 657 (Tex. Crim. App. 2007).

*Analysis*

Appellant argues that he was entitled to a charge on self-defense because he testified that Northcutt "hit him first and he was merely defending himself."

5

However, the jury charge in this case required the jury to convict appellant of assault if it found beyond a reasonable doubt that he "[d]id then and there unlawfully intentionally or knowingly cause bodily injury to STEVE NORTHCUTT, hereinafter called the Complainant, *by throwing an object* at the complainant." (Emphasis added). Thus, the issue is not who threw the first punch, but whether at the time appellant threw the plate—the offense with which he is charged—his use of force was justified.

A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. TEX. PENAL CODE § 9.31(a) (Vernon 2011).

Here, the evidence is undisputed that Northcutt did not use or attempt to use *any* force, lawful or not, against appellant before appellant threw the ceramic pieces. Both appellant and Northcutt testified that before appellant threw the ceramic pieces, Northcutt had taken no aggressive physical action against appellant.

> [Prosecutor]: It wasn't until after you threw those pieces that Mr. Northcutt made any aggressive move towards you, correct?
>
> [Appellant]: That's my recollection.

Even viewing the evidence in the light most favorable to appellant, as we must, Northcutt had merely laughed when confronted by appellant about the broken

6

birdfeeder. However, the use of force against another is not justified in response to verbal provocation alone. *Id.* § 9.31(b)(1); *Hamel v. State*, 916 S.W.2d 491, 494 (Tex. Crim. App. 1996) (recognizing that verbal provocation alone does not justify use of self-defense).

Because the undisputed evidence, viewed in the light most favorable to appellant, shows that Northcutt never threatened to use, attempted to use, or used any unlawful force against appellant before appellant threw the ceramic pieces, appellant in turn was not lawfully entitled to use any physical force against Northcutt. *See Jackson v. State*, 110 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding that trial court did not err in denying self-defense charge when "[a]ppellant testified [the complainant] did not hit him. And there is no evidence she hit appellant or that she even threatened him. In short, viewing the evidence in the light most favorable to appellant, we are left with a picture in which appellant assaulted a person who never used or attempted to use unlawful force against him.").

Because the evidence, viewed in the light most favorable to appellant establishes as a matter of law that appellant's use of force was not justified, the trial court did not err in denying his request for a self-defense instruction. Accordingly, we overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).