ACCEPTED
04-14-00500-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/10/2015 5:23:56 PM
KEITH HOTTLE
CLERK

**No. 04-14-00500-CR**

In the

# Fourth Court of Appeals District of Texas
### San Antonio, Texas

EDWARD ROMERO,
*Appellant*

*v.*

STATE OF TEXAS,
*Appellee*

Trial Cause No. 2013-CR-3128

On appeal from the 186th District Judicial District Court
Bexar County, Texas

**APPELLEE STATE'S BRIEF**

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
CRIMINAL DISTRICT ATTORNEY'S OFFICE
**Oral Argument Waived**     Bexar County, Texas
101 West Nueva, Suite 720
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the State of Texas*

## IDENTITY OF THE PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State supplements the following individual(s) to the list of parties and counsel:

**Nathan E. Morey**
*Assistant Criminal District Attorney and*
*Counsel for the State on Appeal*
State Bar No. 24074756
101 West Nueva, Suite 720
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org

## TABLE OF CONTENTS

Identity of the Parties and Counsel ...................................................................... ii

Table of Contents ................................................................................................. iii

Index of Authorities ............................................................................................ iv

Statement of the Case ........................................................................................... 1

Issue Presented ..................................................................................................... 2

    Sole Issue:   Was the jury's verdict rejecting self-defense supported by
               sufficient evidence? ........................................................................ 2

Statement of Facts ................................................................................................ 3

Summary of the Argument .................................................................................... 4

Argument .............................................................................................................. 5

      Standard of Review ......................................................................................... 5

      Applicable Law: Aggravated Assault and Self-Defense ................................. 6

      Application of the Law to the Present Record ................................................ 6

      The trial court correctly instructed the jury on self-defense. ......................... 7

Prayer ................................................................................................................... 9

Certificate of Service .......................................................................................... 10

Certificate of Compliance ................................................................................... 10

## INDEX OF AUTHORITIES

**Statutes:**

TEX. CODE CRIM. PROC. art. 44.02 ................................................................................1

TEX. PENAL CODE § 2.03(d) ........................................................................................8

TEX. PENAL CODE § 9.31 .............................................................................................8

TEX. PENAL CODE § 9.31(a) ......................................................................................6, 8

TEX. PENAL CODE § 9.31(b)(1) ...................................................................................8

TEX. PENAL CODE § 9.31(b)(4) ...................................................................................8

TEX. PENAL CODE § 9.32(a) ........................................................................................8

TEX. PENAL CODE § 12.42(d) ......................................................................................1

TEX. PENAL CODE § 22.01(a)(1) .................................................................................6

TEX. PENAL CODE § 22.02(a)(1) .................................................................................6

TEX. PENAL CODE § 22.02(a)(2) ...............................................................................1, 6

**Cases:**

*Brooks v. State*,
 323 S.W.3d 893 (Tex. Crim. App. 2010) .......................................................5

*Clayton v. State*,
 235 S.W.3d 772 (Tex. Crim. App. 2007) .......................................................5

*Hayes v. State*,
 728 S.W.2d 804 (Tex. Crim. App. 1987) .......................................................6

*Hooper v. State*,
 214 S.W.3d 9 (Tex. Crim. App. 2007) ..........................................................5

*Jackson v. Virginia*,
 443 U.S. 307 (1979) ........................................................................................5

*Miranda v. State*,
 350 S.W.3d 141 (Tex. App.—San Antonio 2011, no pet.) ............................7

*Saxton v. State*,
  804 S.W.2d 910 (Tex. Crim. App. 1991) ...........................................................6

**Rules:**

TEX. R. APP. P.  9.4(i)(2)(B) ..............................................................................10

TEX. R. APP. P.  9.4(i)(3) ...................................................................................10

TEX. R. APP. P.  9.5(b) ......................................................................................10

TEX. R. APP. P. 26.3 ............................................................................................1

TEX. R. APP. P. 38.2(a)(1)(A) ............................................................................ ii

TEX. R. APP. P. 38.2(a)(1)(B) .............................................................................3

TO THE HONORABLE FOURTH COURT OF APPEALS:

Now comes the State of Texas, by and through Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and the undersigned assistant criminal district attorney, with the filing of the following brief.

## STATEMENT OF THE CASE

Edward Romero, hereinafter referred to as Appellant, was convicted by a jury for assaulting Melissa Romero with a deadly weapon (C.R. at 7; VI R.R. at 58). *See* TEX. PENAL CODE § 22.02(a)(2). After finding that Appellant was a habitual felon, the trial court pronounced a life sentence on June 2, 2014 (I Punishment R.R. at 1, 75) and entered a judgment of conviction with a certification of the right to appeal (C.R. at 87–88, 89). *See id.* at § 12.42(d). Appellant filed a notice of appeal on July 17. 2014 and this Court subsequently granted a motion extending the filing deadline. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 26.3.

## ISSUE PRESENTED

**Sole Issue:** Was the jury's verdict rejecting self-defense supported by sufficient evidence?

## STATEMENT OF FACTS

Supplemental citations to the record are included under each point of error below. *See* TEX. R. APP. P. 38.2(a)(1)(B).

## SUMMARY OF THE ARGUMENT

**Sole Point of Error:** The jury erred in not finding Appellant "not guilty" based on the Appellant's assertion of self-defense.

**State's Response:** The only evidence supporting Appellant's self-defense claim is thin, circumstantial evidence. On the other hand, there is ample direct and circumstantial evidence that both supports Appellant's guilt and defeats his self-defense claim. The jury rationally rejected the former and accepted the latter.

## ARGUMENT

### *Standard of Review*

The prosecution must present sufficient evidence to enable a "rational trier of fact" to find, beyond a reasonable doubt, that a defendant is guilty of each element of the charged offense. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). A reviewing court should "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (citing *Jackson*, 443 U.S. at 319). When the record reflects conflicts in the evidence, a reviewing court should "presume that the factfinder resolved the conflicts in favor of the prosecution." *Clayton*, 235 S.W.3d at 778 (citing *Jackson*, 443 U.S. at 326). Circumstantial evidence should be reviewed in the same manner as direct evidence and circumstantial evidence alone can be sufficient to support a verdict of guilt. *Clayton*, 235 S.W.3d at 778 (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

When reviewing a jury's rejection of a defendant's claim of self-defense, a court must "determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements [of the offense] beyond a reasonable doubt and also would have

found against [the defendant] on the self-defense issue beyond a reasonable doubt." *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

### *Applicable Law: Aggravated Assault and Self-Defense*

A person commits aggravated assault by either intentionally, knowingly or recklessly causing serious bodily injury; or by intentionally, knowingly or recklessly causing bodily injury while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE §§ 22.01(a)(1), 22.02(a)(1) & 22.02(a)(2). A person is justified in using force against another "when and to the degree the actor reasonable believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. *Id.* at § 9.31(a). The reasonableness of the actor's belief and appropriateness of the level of force used are questions of fact to be resolved by the jury. *Hayes v. State*, 728 S.W.2d 804, 808 (Tex. Crim. App. 1987).

### *Application of the Law to the Present Record*

In this case, the jury only heard one side of the story. Melissa testified that Appellant entered her apartment through the window and attacked her with a knife (IV R.R. at 85–94, 182–83). The doctor who treated her that night testified that she received wounds to her neck and arm that put her life in jeopardy (V R.R. at 170–76). The only evidence suggesting Appellant acted in self-defense was medical records indicating that Appellant had some cuts on his hands; however, the

records characterized those cuts as "superficial" and "self-inflicted" (V R.R. at 184, 186). During the jury charge conference, the trial court responded to Appellant's request for a self-defense instruction: "All right. I'm going to let it in. But the only reason I'm going to put it in there is because it's so easy for it to be an issue on appeal later on." (VI R.R. at 7).

Appellant's argument is largely premised on the fact that Melissa was impeached with her prior statements and the circumstances of her relationship with Appellant. However, the legal sufficiency standard of review does not allow this Court to second guess the jury's determination of whether a particular witness was telling the truth. Looking at the record in the light most favorable to the verdict, this Court must find that the conviction is supported by legally sufficient evidence. *Miranda v. State*, 350 S.W.3d 141, 149 (Tex. App.—San Antonio 2011, no pet.) (concluding that jury's rejection of self-defense was supported by legally sufficient evidence and declining to reconsider witness credibility).

### *The trial court correctly instructed the jury on self-defense.*

Though he does not raise a separate point of error, Appellant complains that the trial court incorrectly instructed the jury on the law of self-defense. Appellant's hand-written notations in his appendix suggest that the trial court erred by phrasing the second part of the application portion of the self-defense

7

instruction in the disjunctive instead of the conjunctive (C.R. at 70–71). Appellant does not cite to any authority to support his position.

Once a defensive issue is raised by the evidence, "the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." TEX. PENAL CODE § 2.03(d). However, the law of self-defense is a dense statute filled with many conditions and presumptions. *Id.* at § 9.31.

Based on the trial court's charge, if the jury found beyond a reasonable doubt that Appellant's "use of deadly force was in response to verbal provocation alone" (C.R. at 71), then they would have been required to find Appellant guilty. This is consistent with the law of self-defense. *See id.* at § 9.31(b)(1). Likewise, if the jury found beyond a reasonable doubt that Appellant "did not reasonably believe that the use of force and degree of force used were immediately necessary to protect himself against Melissa Romero's use or attempted use of deadly force" (C.R. at 70–71), then they would have been required to find Appellant guilty. This is consistent with the law of self-defense. *See id.* at §§ 9.31(a) & 9.32(a). Still, if the jury found beyond a reasonable doubt that Appellant provoked Melissa and did not abandon the encounter (C.R. at 71), then they would have been required to find Appellant guilty. This is consistent with the law of self-defense. *See id.* at § 9.31(b)(4). Because a single finding beyond a reasonable doubt on each one of

these issues was sufficient to support a verdict in favor of the State, the trial court did not err by phrasing these issues in the disjunctive.

The trial court correctly charged the jury and the evidence enabled them to rationally convict Appellant of aggravated assault. Accordingly, Appellant's sole point of error should be overruled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee State prays the Court overrule Appellant's point of error and affirm the trial court's judgment of conviction and sentence.

Respectfully submitted,

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
Bexar County, Texas

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva Street, Suite 720
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the State of Texas*

## CERTIFICATE OF SERVICE

I, Nathan E. Morey, hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.5(b), a true and correct copy of the above and forgoing brief was mailed to William Baskette on Wednesday, March 11, 2015.

## CERTIFICATE OF COMPLIANCE

I, Nathan E. Morey, certify that, pursuant to Texas Rules of Appellate Procedure 9.4(i)(2)(B) and 9.4(i)(3), the above response contains 1,918 words according to the "word count" feature of Microsoft Office.

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva Street, Suite 720
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorney for the State of Texas*

cc: WILLIAM L. BASKETT
*Attorney at Law*
State Bar No. 01871400
110 West Nueva Street
San Antonio, Texas 78204
Voice: (210) 930-1200
Fax: (210) 282-2917
Email: …
*Attorney for Appellant*

10