FILED IN
COURT OF CRIMINAL APPEALS

January 14, 2015

ABEL ACOSTA, CLERK

PD-1593-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/5/2015 3:55:55 PM
Accepted 1/14/2015 3:25:52 PM
ABEL ACOSTA
CLERK

NO.

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ROBERT ANDREW MAYES,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE'S  PETITION FOR DISCRETIONARY REVIEW

COA NO. 07-13-00344-CR
TRIAL COURT NUMBER 65,815-E,  47TH DISTRICT COURT,
POTTER COUNTY
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RANDALL SIMS, DISTRICT ATTORNEY
POTTER COUNTY COURTS BUILDING

JOHN L. OWEN
ASSISTANT DISTRICT ATTORNEY
BAR CARD NUMBER 15369200
501 S.  FILLMORE, SUITE 5A
AMARILLO, TX 7 9101
806/379-2325
806/379-2823 FAX
jackowen@co.potter.tx

ATTORNEYS   FOR THE STATE

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

*Trial Judge*

Honorable Douglas Woodburn
108th District Court
4th Floor, Potter County Courts Building
501 S. Fillmore
Amarillo, Texas 79101


*Defendant/Appellant*

Robert Andrew Mayes
Address: unknown

*Appellant's Trial Counsel*

George Harwood
1220 S. Georgia, Ste. E
Amarillo, Texas 79102

*Appellant's Counsel on Appeal*

John Bennett
P.O Box 19144
Amarillo, Texas 79114

*State's Attorneys on Appeal*

Randall C. Sims
47th District Attorney
John L. Owen
Assistant District Attorney
501 S. Fillmore, Ste. 5A
Amarillo, Texas 79101

# TABLE OF CONTENTS

PAGE

IDENTITY OF JUDGE, PARTIES, AND COUNSEL ............................i

TABLE OF CONTENTS.............................................................ii

LIST OF AUTHORITIES........................................................ iv

THE CASE IN BRIEF...............................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................2

STATEMENT OF THE CASE ............................3

STATEMENT OF PROCEDURAL HISTORY ............................4

STATE'S GROUNDS FOR REVIEW.......................................... 5

*GROUND FOR REVIEW ONE:*

The Court of Appeals did not follow established precedent in determining appellant was entitled to a self-defense instruction in the jury charge. The Court of Appeals, acknowledging that appellant was the first to initiate physical contact with the assault victim, made its determination upon a faulty legal premise: that the instruction was excludable only if appellant had initiated the assault as a pretext for further assault in the name of self-defense.

*GROUND FOR REVIEW TWO:*

Even if, *arguendo,* the trial court should have instructed the jury on self-defense, in finding some harm the Court of Appeals employed the wrong harm analysis; given the total context of the evidence, the trial court

was authorized to refuse the self-defense instruction as a matter of law.

ARGUMENT ....................................................... 6

CONCLUSION AND PRAYER................................. 12

CERTIFICATE OF SERVICE............................... 13

CERTIFICATE OF COMPLIANCE......................... 13

APPENDIX...................................................... 14

iii

# LIST OF AUTHORITIES

                                                                              Page

Cases

Dirck v. State, 579 S.W.2d 198 (Tex.Crim.App. 1979) ............................... 9, 10

Lockhart v. State, 847 S.W.2d 568, 574-5 (Tex.Crim.App.1992 ) ................ 6, 10

Mayes v. State, No. 07-13-00344-CR, 2014 Tex.App. LEXIS 12104 (Tex.App. - - Amarillo - - Nov. 5, 2014)(not designated for publication)................................. 3, 8

Norris v. State, No. 01-93-00894-CR, 1995 Tex.App. LEXIS 78 (Tex.App. - - Houston [1st Dist] Jan. 19, 1995, pet. ref'd)(not designated for publication)......... 10

Reich-Bacot v. State, 941 S.W.2d 382-83 (Tex.App.- - Texarkana 1997, no pet.) 11

Smith v. State, 965 S.W.2d 509, 513(Tex.Crim.App. 1998) ....................... 11, 12

Taylor v. State, No. 05-11-00386-CR, 2012 Tex. App. LEXIS 5624 (Tex.App. - - Dallas - - July 13, 2012, no pet.)(not designated for publication)........................ 11

Vaughn v. State, No. 03-10-00510-CR, 2011 Tex. App. LEXIS 5037 (Tex.App. - - Austin July 11, 2011, no pet)(not designated for publication)........................... 11

Statutes

Tex. Penal Code Ann. Sec. 22.01 (b)(2)(A)(West Supp. 2014).................... 3

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

************************************************

ROBERT ANDREW MAYES,

APPELLANT

VS.

THE STATE OF TEXAS,

APPELLEE

************************************************

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW the State of Texas and submits its Petition for Discretionary Review, seeking this Court's review of the November 5, 2014 judgment of the Seventh Court of Appeals in Amarillo. The Court of Appeals reversed the trial court's judgment of appellant's conviction of assault on a family member, having had a previous family violence conviction; that result obtained because of the harmful error the Court of Appeals saw in the trial court's denial of a self-defense instruction in the jury charge.

1

## STATEMENT REGARDING ORAL ARGUMENT

The State believes oral argument would be beneficial in clarifying the issues, and in relating them to broader Texas jurisprudence. The State therefore requests oral argument.

## STATEMENT OF THE CASE

This appeal has been brought from the judgment of appellant's conviction for assault of a household member, with a previous family violence conviction. *See* Tex. Penal Code Ann. Sec. 22.01 (b)(2)(A)(West Supp. 2014). Prominent below was appellant's assertion the judgment should be reversed because the trial court erroneously refused to charge the jury on the law of self-defense.

The Potter County grand jury on October 10, 2012 indicted appellant for the offense, which was alleged to have occurred on or about August 17, 2012. *CR: 8.* After a trial had September 16-18, 2013, a jury convicted appellant of the indicted offense. Trial of the punishment issue was to the jury. The jury assessed appellant's punishment at five (5) years imprisonment. *CR: 54.* The court imposed sentence on September 18, 2013. *CR: 54.*

For the reasons explained in its opinion, the Seventh District Court of Appeals at Amarillo on September 26, 2014 reversed the trial court's judgment of conviction. **Mayes v. State**, No. 07-13-00344-CR, 2014 Tex. App. LEXIS 12104 (Tex.App. - - Amarillo Nov. 5, 2014)(not designated for publication). The State now petitions the Court for review of the Court of Appeals' decision.

3

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its judgment and supporting opinion on November 5, 2014. The State did not file a motion for rehearing. This petition for discretionary review is electronically submitted to the Court of Criminal Appeals on January 5, 2014.

# STATE'S GROUNDS FOR REVIEW

*GROUND FOR REVIEW ONE:*

The Court of Appeals did not follow established precedent in determining appellant was entitled to a self-defense instruction in the jury charge. The Court of Appeals, acknowledging that appellant was the first to initiate physical contact with the assault victim, made its determination upon a faulty legal premise: that the instruction was excludable only if appellant had initiated the assault as a pretext for further assault in the name of self-defense.

*GROUND FOR REVIEW TWO:*

Even if, *arguendo,* the trial court should have instructed the jury on self-defense, in finding some harm the Court of Appeals employed the wrong harm analysis; given the total context of the evidence, the trial court was authorized to refuse the self-defense instruction as a matter of law.

## ARGUMENT

### *I. Reasons Why This Court's Review of the Court of Appeals' Decision is Appropriate*

In concluding appellant should have been granted his requested self-defense instruction, the Court of Appeals misinterpreted such decisional precedent as **Smith v. State**, 965 S.W.2d 509 (Tex.Crim.App. 1998) and **Lockhart v. State**, 847 S.W.2d 568, 574-75 (Tex.Crim.App. 1992). If, *arguendo*, the self-defense instruction should have been given, the Court of Appeals' finding of harm was inconsistent with established review principles. Review should be had, the State submits, to promote clarity and uniformity in Texas jurisprudence.

### *II. Facts*

The Court of Appeals' narration of the trial testimony is accurate. *See*, Appendix, Court of Appeals November 5, 2014 opinion. In capsulated form for easy reference, here, the basic trial facts are as follows: The victim, A.A. was appellant's on–and-off girlfriend. A.A. stayed with appellant the week before August 17, 2012. The night of August 12, after appellant and A.A. had picked up his children from former relationships for weekend visitation, appellant and A.A. drank whiskey and played video games with the children. *RR2: 179*.

Late in the evening, appellant confronted A.A. about her behavior with his son

6

which appellant considered inappropriate. *RR2: 182*. A.A. walked away from the confrontation, to appellant's bedroom. Appellant followed A.A. into the bedroom, and continued to yell at her. *RR2: 183-84; 186*. From that point, the testimonial accounts of appellant and A.A. diverged.

According to A.A., appellant threw her on his bed and smashed all the cell phones she had with her with a metal bat. *RR2: 187-88*. He then began punching her face with a closed fist, and hit her legs and back with the bat; at one point, she blacked out. *RR2: 189, 190, 194, 202; RR3: 18*. A.A. found a pair of cuticle scissors, and inflicted several small cuts and punctures on appellant to defend herself. *RR2: 195, 196*.

Appellant's version at trial was that, as he and A.A. argued in the bedroom, he covered her mouth to quiet her down so the children would not hear her. *RR3: 134, 193*. In response, said appellant, A.A. stabbed him with the nail scissors; he then struck A.A. to defend himself. *RR3: 135*.

Several days after the occurrence, a friend took A.A. to the hospital for treatment of her injuries. *RR2: 215*. Law enforcement officers there photographed the injuries. *RR2: 178, 182, 189, 195, 200*. Law enforcement officers also photographed appellant when he was interviewed at the sheriff's office. Obvious in the photographs are that the injuries to A.A. were orders of magnitude more severe

than the minor cuts on appellant. In cross-examination appellant acknowledged that his forceful covering of A.A.'s mouth in the initial confrontation may have caused swelling to her lips and some bruising to her face. *RR3: 182, 205-06.*

### III. The Court of Appeals' Opinion

The Court of Appeals referenced this Court's decision in **Smith v. State**, 965 S.W.2d 509, 513 (Tex.Crim.App. 1998) in expressing its rationale for finding error:

> Thus for the State's argument [that exclusion of the self-defense charge was proper because appellant initiated the altercation] to have merit, the evidence must be conclusive that, *inter alia*, appellant placed his hand over A.A.'s mouth with the purpose and intent of creating a pretext for assaulting her in the name of self-defense.

**Mayes v. State**, op. p.8. "Conclusive proof that appellant manifested the intent necessary to establish provocation is not shown by this record," the court concluded. Op. p. 8. Harm was seen in that appellant was left without the instruction that could legally justify the conduct admitted and permit acquittal. Op. p. 10.

8

*IV. Having Admitted He Initiated the Initial Physical Altercation, Appellant Was Not Entitled to a Self-Defense Instruction.*

The Court of Appeals declined to decide whether a fact issue concerning provocation was presented in this case. Op. p. 8, n. 3. Yet, with its reliance on this Court's **Smith** holding, the Court of Appeals found error in the exclusion of a self-defense instruction from a faulty premise: the Court of Appeals conflated the requirements for a provocation instruction, an exception to a self-defense instruction's availability, with the issue of whether the self-defense instruction is proper in the first instance.

Involved in this Court's **Smith** case was a jury charge which contained instructions on self-defense and provocation, operating to qualify or bar self-defense. The evidence in that case was that the victim attacked the defendant to stop the defendant from loud argument. 965 S.W.2d at 514-15. At issue was whether the provocation instruction qualifying the self-defense instruction was properly included. This Court determined that inclusion of the provocation instruction was warranted because a rational jury could have found every element of provocation beyond a reasonable doubt. 965 S.W.2d at 519.

All that was involved here was which of the two parties, appellant or A.A. used unlawful force. *See* **Smith**, 965 S.W.2d at 514, citing **Dirck v. State**, 579 S.W.2d

9

198 (Tex.Crim.App. 1979). That appellant was the first to engage in assaultive conduct was undisputed. Manifest in the evidence is that this was simply appellant's naked assault upon A.A. The only self-defense shown was A.A.'s in warding off appellant.

Because appellant initiated the altercation, he was not entitled to a self-defense instruction. *See* **Lockhart v. State**, 847 S.W.2d 568, 574-75 (Tex.Crim.App. 1992)(accused in capital murder of a peace officer trial not entitled to self-defense instruction; accused initiated the altercation, and the accused's force in relation to the force used by the officer was unreasonable); **Taylor v. State**, No. 05-11-00386-CR, 2012 Tex. App. LEXIS 5624 (Tex.App. - - Dallas July 13, 2012, no pet.)(not designated for publication)(in injury to an elderly individual, no right to a self-defense instruction was shown; though the accused sustained minor injuries from her mother, the accused initiated the confrontation by throwing coffee in her mother's direction and struggled with her mother over a cell phone); **Vaughn v. State**, No. 03-10-00510-CR, 2011 Tex. App. LEXIS 5037 (Tex.App. - - Austin July 1, 2011, no pet.)(not designated for publication)(though the victim inflicted minor injuries to her fiancé, the accused, a self-defense instruction was unwarranted, where the accused was the aggressor); and, **Norris v. State**, No. 01-93-00894-CR, 1995 Tex. App. LEXIS 78 (Tex.App. - - Houston [1st

Dist.] January 19, 1995, pet. ref'd)(not designated for publication)(accused punched and choked the victim and struck her with a lamp in a rape attempt, and the victim stabbed appellant several times in the chest with snipping scissors; because accused initiated the altercation, he was not entitled to a self-defense instruction). The Court of Appeals failed to apply the established decisional precedent in its holding.

## V. The Court of Appeals' Harm Analysis was Incorrect

Even if, *arguendo*, the Court of Appeals' finding of error was correct, its disposition of the trial court's judgment of conviction is wrong. The Court of Appeals did not give due measure to the weight of the evidence against appellant, compared to the at-best minute evidence of self-defense. The precedent the Court of Appeals has created should be corrected. Any error in denying the request for a self-defense instruction caused no harm to appellant. *See* **Reich-Bacot v. State,** 941 S.W.2d 382-83 (Tex.App. - - Texarkana 1997, no pet.)(no actual harm in refusal of a self-defense charge, where supporting evidence was negligible).

11

## CONCLUSION AND PRAYER

WHEREFORE, the State prays that this Court grant discretionary review of the court of appeals' decision. The State prays that, upon final consideration, this Court reverse the Court of Appeals' judgment and render a judgment affirming the trial court's judgment of conviction.

Respectfully submitted,

RANDALL SIMS
District Attorney
Potter County, Texas

__/s/ John L. Owen____
John L. Owen
Assistant District Attorney
Potter County Courts Building
Suite 5A
501 S. Fillmore
Amarillo, Texas 79101
(806) 379-2325
FAX (806) 379-2823
SBN 15369200
jackowen@co.potter.tx.us

Attorneys for the State

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of January, 2015 a true copy of the foregoing State's Petition for Discretionary Review was delivered to appellant's attorney, John Bennett, at Post Office Box 19144, Amarillo, Texas 79114, and to Lisa McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas, 78711 by depositing the same with the United States Postal Service, postage prepaid.

__/s/John L. Owen_____
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

In accordance with Tex.R.App.P. 9.4 (i)(2)(d), I hereby certify that the foregoing petition for discretionary review contains, as reflected in the computer program word count, 2,414 words.

_/s/ John L. Owen_____
Assistant District Attorney

13

# APPENDIX



In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00344-CR

ROBERT ANDREW MAYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 65,815-E, Honorable Douglas Woodburn, Presiding

November 5, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Robert Andrew Mayes was charged by indictment with assault of a person with whom he had a dating relationship.[1] The jury found him guilty, answered yes to one of two deadly-weapon special issues, and sentenced him to five years' confinement in prison. On appeal, appellant presents five issues. We will sustain his first issue, finding the trial court reversibly erred by denying a requested self-defense instruction, and reverse and remand the case for a new trial.

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2014).

## Background

Appellant and his girlfriend A.A. had an intimate relationship for some four years. During August 2012, A.A. spent a week with appellant. On the Friday evening of that week, appellant, A.A. and his children from former relationships stopped on the way to appellant's residence and bought groceries and liquor.

At appellant's house, they prepared a meal. They played with the children in a portable pool and then played a video game. Over the course of the evening, appellant and A.A. consumed alcohol. A.A. denied intoxication but said she was "a little buzzed"; "feeling a little bit comfortable." Sometime after midnight, appellant accused A.A. of some conduct around his son that he considered inappropriate. A.A. left the living room and went to appellant's bedroom. Appellant soon followed and closed the door. They continued arguing.

A.A. and appellant were the only witnesses to the assaultive episode that followed. Their versions differ markedly. According to A.A., once in the bedroom she crawled under the bed to retrieve a cell phone. Appellant pulled her from beneath the bed and threw her on the bed. She tried to run to the living room but he stopped her and dragged her back to the bedroom. After tossing her over the bed he smashed her cell phones and flash drives with a metal baseball bat. He then turned back to A.A., punching her in the face with his closed fist. He continued hitting her as she yelled for help. At some point, appellant kicked A.A. on her side and back. Then he began "smothering" her. She lost consciousness for lack of air. After regaining consciousness, appellant "smothered [her] some more so [she] couldn't breathe." He

2

hit her in the back and legs. He struck her head "several times" with the baseball bat and A.A. again lost consciousness. When she awoke appellant was emptying her purse on the bed beside her. A pair of cuticle scissors "rolled into [her] hand." Appellant climbed on top of her and again began "smothering" her. She balled the scissors in her fist and stabbed appellant. He pushed A.A. off the bed. She saw blood but agreed it could have been from cuts she inflicted on appellant with the scissors. Appellant then stopped beating A.A. because he "freaked out" at being stabbed. He pushed her on the floor where she remained because her eyes were "swollen shut" and she "couldn't see." A.A. lay on the floor but later walked through the living room where one of appellant's children played a video game. She noticed the time was 5:00 a.m. Appellant did not allow A.A. to go to her home because he feared "go[ing] to prison."

According to appellant, in the bedroom he dumped the contents of A.A.'s bag looking for dope. He thought her behavior was irrational and he once had found a pipe for smoking methamphetamine in her bag. He described her as "yelling and getting irate." He placed his hand over her mouth "to calm her down so the kids wouldn't hear." He left the bedroom and on his return "it got flared up again." At that point, A.A. "went off on [him] and started stabbing [him]." Appellant began "defending himself" and hit A.A. an unknown number of times. When asked on cross-examination, "Did you punch her?" appellant responded, "I hit her. Yeah, I hit her." Appellant acknowledged that A.A.'s injuries, depicted in some photographs in evidence, occurred during their altercation after she stabbed him with the scissors.

There was evidence of prior aggressive conduct by appellant and A.A. In trial testimony, appellant agreed he had two prior charges of domestic violence. For the

3

second conviction, in 2011, appellant further acknowledged serving time in the county jail. A.A. acknowledged she once gave appellant a black eye. According to appellant, on another occasion she jumped on his back, trying to grab a telephone, as he attempted to call law enforcement. A friend of appellant testified that once, while appellant was at his house, A.A. began beating on the locked outside door demanding appellant "come outside and be a man." He described her behavior on that occasion as "very aggressive." The complainant in appellant's two prior family violence convictions testified A.A. once came to appellant's mobile home in the middle of the night, beat on the exterior, and threatened her and appellant.

At the charge conference appellant requested a self-defense instruction which the trial court denied. The court submitted two deadly weapon special issues. The first asked whether appellant used or exhibited a baseball bat and the second concerned the use of his hands and arms. The jury found appellant guilty of the charged offense. It answered no to the first special issue and yes to the second. The jury assessed punishment and the court imposed the sentence noted.

## Analysis

Through his first issue, appellant argues the trial court reversibly erred by refusing his request for a self-defense instruction in the jury charge.

A reviewing court examines claimed jury-charge error according to the procedure of *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1984). The initial question for review is whether charge error occurred. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

If the evidence raises self-defense a defendant is entitled to a proper instruction, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of the trial court's assessment of the defense's credibility. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); *Holloman v. State*, 948 S.W.2d 349, 350 (Tex. App.—Amarillo 1997, no pet.) (noting that an "accused is entitled to an affirmative instruction on any defense issue raised by the evidence . . . irrespective of whether we or the trial court believe the evidence feeble, strong, unimpeached, contradicted, or incredible" (citations omitted)). This rule ensures "the jury, not the judge, will decide the relative credibility of the evidence." *Johnson v. State*, 157 S.W.3d 48, 50 (Tex. App.—Waco 2004, no pet.) (citing *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999)). For the present analysis, the issue is not the truth or credibility of appellant's testimony. Rather, the issue is whether the jury should have been instructed to decide those questions under the law applicable. *Hayes v. State*, 728 S.W.2d 804, 808 (Tex. Crim. App. 1987) (op. on reh'g). Entitlement to a self-defense instruction requires that the defendant admit the act alleged, including the culpable mental state, and produce evidence supporting the defense. *Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010); *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *Ex parte Nailor*, 149 S.W.3d 125, 132-34 (Tex. Crim. App. 2004). A person commits assault by intentionally, knowingly, or recklessly causing bodily injury to another person. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). The grade of the offense elevates to a third degree felony if committed against a person whose relationship with the defendant constitutes a "dating relationship" and the defendant was previously convicted for family violence. TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2014).

5

"Bodily injury" means "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2014). Direct evidence that a victim suffered pain is sufficient to show bodily injury. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). A dating relationship is "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." TEX. FAM. CODE ANN. § 71.0021(b) (West 2014).

"[A] defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw*, 243 S.W.3d at 657-58 (Tex. Crim. App. 2007). To determine whether the defense finds evidentiary support, a reviewing court views the evidence in the light most favorable to the defendant. *Ferrel*, 55 S.W.3d at 591. Whether a defendant's beliefs were reasonable and justifiable and whether a defendant used more force than necessary under the circumstances are questions of fact for the jury's determination. *Hayes*, 728 S.W.2d at 808; *see Sandoval v. State*, No. 07-04-00447-CR, 2005 Tex. App. LEXIS 6653 (Tex. App.—Amarillo August 17, 2005, pet ref'd) (mem. op., not designated for publication) (citing *Hayes*, 728 S.W.2d at 808).

However, even if the evidence, when viewed in this light, raises self-defense as an issue, a trial court does not err by refusing submission of the instruction if the evidence conclusively establishes that one of the exceptions to self-defense listed in Penal Code section 9.31(b) applies. *See Dyson v. State*, 672 S.W.2d 460, 463-65 (Tex. Crim. App. 1984) (holding no provocation issue for the jury arose when the defendant "expressly stated" he intended to fight the victim).

6

Relevant here, the Penal Code provides:

(a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force.

\*\*\*

(b) The use of force against another is not justified:

\*\*\*

(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

(B) the other nevertheless continues or attempts to use unlawful force against the actor.

TEX. PENAL CODE ANN. § 9.31(a),(b)(4) (West 2011).

The State contends a self-defense instruction was not required because the evidence shows appellant initiated the confrontation with A.A. by placing his hand over her mouth. But evidence a defendant "initiated" a confrontation does not establish provocation, as that term is used in section 9.31(b)(4).[2]

---

[2] We note the State's argument is not without support in the cases. *See Lockhart v. State*, 847 S.W.2d 568, 574-75 (Tex. Crim. App. 1992) (holding trial court did not err in omitting self-defense instruction where, *inter alia*, defendant initiated altercation and evidence did not show he attempted to abandon the encounter); *Taylor v. State*, No. 05-11-00386-CR, 2012 Tex. App. LEXIS 5624, at \*6-8 (Tex. App.—Dallas July 13, 2012, no pet.) (mem. op., not designated for publication) (holding when evidence showed defendant initiated the altercation and did not abandon or attempt to abandon the encounter, trial court did not err in refusing self-defense instruction); *Vaughn v. State*, 2011 Tex. App. LEXIS 5037 (Tex. App.—Austin July 1, 2011, no pet.) (mem. op., not designated for publication) ("A self-defense instruction is inappropriate where the state of the evidence suggests that the appellant initiated the altercation"). *But see Smith v. State*, 965 S.W.2d 509, 513 (Tex. Crim. App. 1998) (finding provocation requires, *inter*

7

The statute codifies the common law doctrine of provocation. *Smith v. State*, 965 S.W.2d 509, 513 (Tex. Crim. App. 1998). "The issue of provocation is not raised merely by prosecution evidence showing that the defendant attacked first." *See* Ed Kinkeade & S. Michael McColloch, Texas Penal Code Annotated 85 (2012-2013 ed.) (commentary to section 9.31). Rather, for purposes of section 9.31(b)(4), provocation requires sufficient evidence "(1) that the [defendant] did some act or used some words which provoked the attack on him, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm upon the other." *Smith*, 965 S.W.2d at 513; *Id.* at 514 ("the common law element of intent is still required under the current codification").

Thus for the State's argument to have merit, the evidence must be conclusive that, *inter alia*, appellant placed his hand over A.A.'s mouth with the purpose and intent of creating a pretext for assaulting her in the name of self-defense. *See Smith v. State*, 65 S.W.3d 332, 342 (Tex. App.—Waco 2001, no pet.) (discussing trial court's refusal to submit Code of Criminal Procedure article 38.23(a) instruction and explaining "[i]f the underlying facts are undisputed, no fact issue exists, and an instruction is not required"). Conclusive proof that appellant manifested the intent necessary to establish provocation is not shown by this record.[3]

---

*alia*, proof that an act was done for the purpose and with the intent of giving the defendant a pretext for harming the other).

[3] We do not say whether a fact issue concerning provocation exists on this record.

8

When the facts presented by this record are viewed in the light most favorable to appellant, *Granger,* 3 S.W.3d at 38, the evidence shows in the bedroom appellant placed his hand over A.A.'s mouth so the children would not hear their altercation. He left the room and after his return the couple resumed arguing. During the conflict, A.A. used a pair of cuticle scissors to strike his chest and midsection. Appellant saw he "was bleeding out of [his] gut." But he did not know with what A.A. struck him. To stop A.A., appellant struck her an unspecified number of times with his hands.

Viewed in the light most favorable to appellant, we find the evidence raises the issue of self-defense. The trial court abused its discretion by denying his requested self-defense instruction. We now consider harm.

If charge error is found, and if the defendant properly preserved the complaint, the reviewing court must reverse the trial court's judgment if the error caused the defendant "any harm, regardless of degree." *Hayes,* 728 S.W.2d at 808 (emphasis omitted). "The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Ovalle v. State,* 13 S.W.3d 774, 786 (Tex. Crim. App. 2000) (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

The State contends appellant could not have sustained some harm because his "guilt was overwhelming." Indeed, appellant had to admit every element of the charged offense, including the requisite culpable mental state, to be entitled to a self-defense instruction. *Ex parte Nailor,* 149 S.W.3d at 132-34. His trial strategy depended on

convincing the jury his assaultive conduct was justified as an act of self-defense. Counsel's opening statement told the jury the evidence would show appellant "honestly and truly, felt like he had to protect himself because of what she had done to him before and because she had those scissors in her hand." Without the self-defense instruction, appellant was left without the instruction that could legally justify the conduct admitted and permit acquittal. *See Cornet v. State,* 417 S.W.3d 446, 450 (Tex. Crim. App. 2013) ("In general, when there is a single offense tried before a jury, it is impossible to determine how a jury would have weighed the credibility of the evidence on a defensive issue, and therefore, appellate courts have reversed convictions in order to permit the jury to decide whether it believes the defensive evidence"); *see Johnson v. State,* 271 S.W.3d 359, 368 (Tex. App.—Beaumont 2008) (finding trial court's refusal to submit self-defense instruction harmful as after defendant admitted offense jury was left with no choice but to convict).

The State asserts "[a]ny discernible evidence of self-defense was so feeble" that no reasonable jury could have been persuaded to return a verdict of acquittal. The logical thrust of this assessment of the evidence and argument is the trial court could properly have refused the instruction as a matter of law. We do not say that such a circumstance could not exist. *See Reich-Bacot v. State,* 941 S.W.2d 382-83 (Tex. App.—Texarkana), *vacated on other grounds,* 952 S.W.2d 542 (Tex. Crim. App. 1997) (per curiam) (finding failure to submit a self-defense instruction did not produce some harm in the defendant when there was no evidence that the victim attacked the defendant). But in this case we have found the evidence viewed in the proper light required submission of the requested instruction. Having considered the record of the

trial as a whole, including the entire charge for the single offense presented to the jury, the evidence, and the arguments of counsel, *Ovalle*, 13 S.W.3d at 786, we find the court's omission of the self-defense instruction harmed appellant.

Appellant's first issue is sustained.

By his second issue, appellant argues the evidence was insufficient to support his conviction. His argument depends, however, on a contention that because the jury was not given the opportunity to evaluate the evidence under a charge containing a self-defense instruction in the jury charge,[4] viewing the evidence in the light most favorable to the verdict as required under the *Jackson v. Virginia* standard[5] is "irrational." Rather, appellant posits, the evidence must be evaluated "evenhandedly." But the Court of Criminal Appeals has instructed that the *Jackson v. Virginia* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Appellant acknowledges in his brief that "[w]hen viewed in the light most favorable to the verdict, the evidence is undeniably sufficient to sustain the conviction[.]"

---

[4] A successful legal sufficiency challenge results in a judgment of acquittal. *Aldrich v. State*, 296 S.W.3d 225, 230 (Tex. App.—Fort Worth 2009, pet. ref'd). We ordinarily address a rendition point before a remand point. *Id.* But here, because appellant predicates the legitimacy of his sufficiency challenge on the success of a preliminary remand point, we consider the issues in the order presented.

[5] The standard inquires whether, considering all of the evidence in the light most favorable to the verdict, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

We agree, and, applying the *Jackson v. Virginia* standard as required, find appellant is not entitled to acquittal based on his evidentiary sufficiency challenge.[6]

Appellant also points to the fact the State "stood mute" at the charge conference when he asked for the self-defense instruction. Quoting the Court of Criminal Appeals' recent opinion in *Gelinas v. State*, 398 S.W.3d 703, 708 (Tex. Crim. App. 2013), he argues we should not reward the State's remaining silent and its failure to correct the trial court's charge error with the "windfall" of a second opportunity to convict him. But the remedy he seeks is our review of the evidence by a standard other than that set out in *Jackson v. Virginia*. Such a remedy we cannot grant. The omission of self-defense was harmful error for which appellant receives a new trial. But no case or statute authorizes bootstrapping this trial error into a judgment of acquittal.

Appellant's second issue is overruled.

Appellant's third and fourth issues raise contentions of additional jury charge errors. If sustained, neither issue would entitle him to a judgment of acquittal. We have overruled appellant's sole rendition point and sustained his first issue requiring a new trial. Accordingly, our review of his third and fourth issues is unnecessary for disposition of the appeal. TEX. R. APP. P. 47.1.

We do, however, choose to address appellant's fifth issue, both because of the possibility of its recurrence on retrial and because of its recurring nature in judgments in

---

[6] Having reviewed the entire record, we find also that the evidence would have been sufficient to support his conviction under a charge containing a self-defense instruction.

Potter County.[7] By the issue, appellant challenges the requirement of the trial court's judgment that he repay court costs which include court-appointed attorney's fees. In both the written judgment signed September 23, 2013, and a judgment nunc pro tunc signed October 25, 2013, beneath the heading, "court costs" appears the statement, "As per attached Bill of Cost." Both instruments also contain language ordering appellant "to pay all fines, court costs, and restitution as indicated in attached Bill of Cost."

In the clerk's record, immediately following the judgment appears a bill of costs dated September 24, 2013. It does not contain an entry specifying an amount of attorney's fees. Immediately following the judgment nunc pro tunc, however, appears a second bill of costs dated October 28, 2013. It contains an entry in the amount of $2,000 with the explanatory notation, "Attorney Fee(s)-Original Plea Agreement."

A trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014); *Mayer v. State,* 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd,* 309 S.W.3d 552 (Tex. Crim. App. 2010). But "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). "[T]he defendant's financial resources and ability to pay are explicit critical

---

[7] *See, e.g., Walker v. State,* No. 07-12-00416-CR, 2014 Tex. App. LEXIS 9086 (Tex. App.—Amarillo Aug. 15, 2014 n.p.h.) (mem. op., not designated for publication); *Phea v. State,* No. 07-13-00044-CR, 2014 Tex. App. LEXIS 8613 (Tex. App.—Amarillo Aug. 6, 2014, n.p.h.) (mem. op., not designated for publication).

elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a determination the defendant is capable of repaying the attorney's fees levied. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam).

Here, the record does not contain evidence of an "original plea agreement" obligating appellant to repay court-appointed attorney's fees.[8] Nor is there evidence the trial court reconsidered its pre-trial determination of indigency, found a material change in appellant's financial circumstances, or considered his ability to offset the cost of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) and art. 26.05(g) (West Supp. 2014). Indeed, the trial court appointed appellate counsel for appellant because of appellant's indigence and for the same reason ordered a free reporter's record on appeal. Under such circumstances, the inclusion of attorney's fees in a Bill of Costs incorporated into the judgment is contrary to law. Appellant's fifth issue is sustained.

Conclusion

We reverse the judgment of the trial court and remand the case for a new trial.

James T. Campbell
Justice

Do not publish.

---

[8] The clerk's record also contains an "attorney fee voucher" filed September 24, 2013, and indicating the trial court approved payment to appellant's trial counsel of $2,000 for representing appellant through trial.